FELIX CAMACHO V-12155
480 ALTA ROAD
SAN DIEGO CA 92179

**FILED**

JAN - 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT , SOUTHERN DISTRICT OF CALIFORNIA

FELIX CAMACHO
  PETITIONER

V

ROBERT HERNANDEZ, WARDEN
  RESPONDENT

CASE ,NO. **08 CV 0016 BEN LSP**

MEMORANDUM OF POINT
AND AUTHORITY IN SUPPORT
OF WRIT OF HABEAS
    CORPUS

TO THE HONORABLE DISTRICT JUDGE OF THE SOUTHERN DISTRICT COURT.

 PETITIONER HEREIN FILES THIS MEMORANDUM IN SUPPORT OF HIS
WRIT OF HABEAS CORPUS.

 PETITIONER IS A INDIGENT STATE PRISONER IN THE DONOVAN STATE
PRISON, CALIFORNIA.

  PETITIONER HEREIN MOVES BEFORE THIS COURT IN FORMAS PAUPERIS
AND IN PRO PER.

 PETITIONER HEREIN SIGNS AND VERIFIES UNDER THE PENALTY OF
PERJURY THAT HEREIN SAID IS TRUE AND CORRECT TO THE BEST OF HIS
ABILITY.

DATE: 12-30-07

RESPECTFULLY SUBMITTED

FELIX CAMACHO

1

MEMORANDUM OF POINTS AND AUTHORITY INSUPPORT OF WRIT OF HABEAS
   CORPUS IN STARE DECISIS:,,


   PETITIONER FILES WRIT BEFORE THIS COURT HEREIN RESPECTFULLY
AS HE WAS FINALLY FOUND SOMEONE QUALIFIED AS A LEGAL ASSISTANT
THAT COULD PROPERLY TRANSLATE THE ENGLISH LEGAL TERMS AND RULES
TO HIM PROPERLY AND FILE A PROPER AND CORRECT WRIT IN HIS BEHALF.
PETITIONER BY FILING THIS WRIT TODAY IS NOT ATTEMPTING TO VEX
OR OR ENGAGED IN INTENTIONALLY DILATORY LITIGATION TACTICS.NOR
IS PETITIONER INTENDING TO HARASS THIS COURT,PETITIONER IS
ONLY INTEREST IS IN OBTAINING REVIEW OF HIS CLAIMS WHICH OUTWEIGHS
THE COMPETING INTEREST's IN THE FINALITY AND SPEEDY RESOLUTION
OF PETITIONERS FEDERAL CLAIMS.
   PETITIONER HEREIN WILL RAISE ALLEGATIONS AND CLAIMS UNDER
THE PENALTY OF PERJURY AND DOES VERIFIED THIS UNDER STATE LAWS.

   CLAIM ONE: ABUSE OF DISCRETION BY THE TRIAL JUDGE:,

   CLAIM TWO: THE APPLICATION OF THE THREE STRIKE LAW ON A
              OUT-STATE- CASE MORE THEN 20 YEARS OLD IS UNCONSTITUTIONAL
              AND ABUSE OF DISCRETION :,,

  THE PETITIONER WILL SUBMIT THE ARGUMENTS FOR CLAIM ONE AND
CLAIM TWO TOGETHER.PETITIONER HEREIN SUBMITS TO THE STATEMENT
OF CASE AND FACTS AS HEREIN IN APPENDIX "A" & "B".


   PETITIONER CONTRARY TO WHAT THE APPELLATE COUNSEL SAID IN
THE BRIEF ,PETITIONER DOES CONTEST THE LEGALITY OF THE VALIDITY
OF THE STATES ABILITY TO ALLEGE THE PRIOR CONVICTION AS A TWO
STRIKE PRIOR AND CONTENDS THAT GIVEN THE FACTS THAT BOTH STRIKES
AROSE OUT OF THE SAME SET OF OPERATIVE FACTS THE TRIAL COURT
ABUSED ITS DISCRETIONARY POWER WHEN IT REFUSED TO DISMISS ONE
OF THE PRIORS IN THE INTEREST OF JUSTICE AND IT ABUSED ITS

POWERS WHEN IT FAIL TO REVIEW THE TRANSCRIPTS FROM THE SENTENCING
COURT AND THE VALIDITY OF THE PLEA AGREEMENT FROM THE PRIOR
STRIKE CASE TO ASSURE THAT THE PLEA WAS OBTAIN LEGALLY AND
THAT NO PLEA AGREEMENTS WHERE BEING VIOLATED BY THIS COURT
WAS THE PRIORS WHERE MORE THEN 20 YEARS OLD AND FROM ANOTHER
STATE.

THE PETITIONER IN THIS WRIT ALSO ARGUES THAT THE PETITIONER
RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING APPEALS HAS
HIS APPELLATE COUNSEL REFUSE TO BRING A MERIT CLAIM BEFORE
THE APPELLATE COURT.

AT SENTENCING PETITIONER URGED THE COURT TO EXERCISE ITS
DISCRETIONARY POWER TO DISMISS ONE OR BOTH OF HIS "STRIKE PRIORS"
(III R.Tpp.33-37).(3.RT.pp.41-43).

THE STANDARD OF REVIEW  FOR SENTENCING MATTERS ARE REVIEW
BY THE COURTS UNDER THE FEDERAL DUE PROCESS AND EQUAL PROTECTIONS
AND UNDER THE SIXTH AMENDMENT OF THE STATE AND FEDERAL LAWS.

PETITIONER HAD TWO PRIORS ARISING UNDER THE SAME CASE FROM
THE STATE OF FLORIDA IN 1981.IN WHICH THE PETITIONER WAS A MINOR
AT THE TIME HE ENTER INTO A PLEA BARGAIN AND SERVED HIS TIME AND
MORE THEN 20 YEARS ELAPSE BEFORE THE PETITIONER GOT IN TROUBLE AGAIN.

THE FLORIDA CONVICTION WAS BASED ON A THEORY OF CRIMINAL LIABILITY
NOT RECOGNIZED BY CALIFORNIA STATUTE OR CASE LAW.THIS THEORY IN
WHICH THE PETITIONER WAS CONVICTED IN 1981 WAS LATER DISCARDED BY
THE FLORIDA SUPREME COURT IN 1984.

THIS COURT ABUSED ITS DISCRETION BY NOT LOOKING INTO THE RECORD
OF THE PETITIONERS PRIOR  CONVICTION AND THE TRIAL ATTORNEY FAILED
TO PROPERLY RESEARCH THE VALADITY OF THE PLEA AGREEMENT OF PETITIONER
WHEN HE WAS A MINOR.

A CLEAR REVIEW OF THE FLORIDA RECORD ,IN CONJUNCTION WITH FACTS
OUTLINED IN THE PROBATION REPORT SHOULD HAD LEAD THE COURT TO
REASONABLY CONCLUDE THAT THE CONVICTION FOR ATTEMPTED MURDER WAS
BASED ON THE IMPERMISSIBLE ATTEMPTED FELONY MURDER THEORY AND NOT
THE PERMISSIBLE SPECIFIC INTENT TO KILL  THEORY.PETITIONER WAS NOT
THE SHOOTER  AND WAS INVOLVED IN A ROBBERY.

 THIS BEING THE CASE,THE ELEMENTS USED TO SUPPORT THE ATTEMPTED
MURDER CONVICTION IN FLORIDA ARE FOREIGN TO THE ELEMENTS NECESSARY
TO SUPPORT SUCH A CONVICTION IN CALIFORNIA,THEREFORE ,THIS COURT
SHOULD STRIKE IT ON LEGAL GROUNDS.

 THIS COURT NEED MERELY CONCLUDE THAT THE FLORIDA RECORD IS SO
AMBIGUOUS THAT  IT IS IMPOSSIBLE TO MAKE A FINDING AS TO WHICH
THEORY  WAS EMPLOYED.THE PETITIONER IS ENTITLE  TO THE BENEFIT OF
THE DOUBT.(PEOPLE V GUERRA (1985)40 CAL.3d.377).

 THE RECORD SHOWS THAT THE PETITIONER WAS A MINOR IN THE OFFENSE
THAT ARISED IN HIS PRIOR STRIKES,AS SUCH HE WOULD HAD BEEN TREATED
THROUGH THE JUVENILE COURT SYSTEM IN CALIFORNIA.JUVENILE ADJUDICATIONS
MAY NOT BE USED AS THE BASIS FOR PC SECTION 667(a)ENHANCEMENTS
THEREFORE THE COURT NOT IMPOSE THE ENHANCEMENT.(PEOPLE V  WEST,
(1984)154 CAL.APP.3d100).

    CALIFORNIA COURTS HAVE RENDER THAT A TRIAL COURT FAILURE TO
TO DISMISS A PRIOR STRIKE THAT AROSE FROM THE SAME CASE NECESSARY
CONSTITUTED AN ABUSE OF DISCRETION.

 THE SUPREME COURT OF CALIFORNIA STATED THAT WHERE MULTIPLE
CONVICTIONS ARISE FROM A SINGLE ACT AND ALL BUT ONE OF THE CONVICTIONS
ARE STAYED UNDER SECTION 654,A TRIAL COURT ABUSES ITS DISCRETION
IF  IT FAILS TO STRIKE ONE OF THE STAYED CONVICTIONS.

 BECAUSE THE PETITIONER ARISE CLAIM THAT THE COURT SHOULD STRIKE
A PRIOR THAT AROSE OUT OF SINGLE ACT AND NOT A SEPERATE  ACT,THE
PETITIONER CLAIMS THAT THIS PRIOR CONVICTION AROSE OUT OF SINGLE
ACT AND IS DISTINGUISHED FROM MULTIPLE ACTS COMMITTED IN AN
INDIVISIBLE COURSE OF CONDUCT.THEREFORE THE TRIAL COURT HAD THE
DUTY TO MAKE KNOWN ON THE RECORD IT REASON AND DISCUSS THE THE REASON
WHY IT RENDER IT A SEPARATE OCCASSION.

IN CALIFORNIA THE PETITIONER PRIOR CONVICTION ONE COUNT WOULD
HAD BEEN STAYED UNDER PC 654.AND AS ARTICULATED BY THE CALIFORNIA
SUPREME COURT INDICATED IN BENSON, A PRIOR CONVICTION WHICH QUALIFIES
AS A STRIKE MAY HAVE BEEN STAYED **PURSUANT TO SECTION 654** UNDER
EITHER OF TWO DIFFERENT RATIONALES--EITHER BECAUSE THE DEFENDANTS
MULTIPLE CONVICTIONS RESULTED FROM MULTIPLE CONDUCT, OR
BECAUSE  THE CONVICTION RESULTED FROM THE SAME SINGLE ACT.

THEREFORE THE TRIAL COURT ABUSED ITS DISCRETION AS IT FAILED
TO STATE REQUIRED REASONS THAT IT RENDER THAT PRIOR CONVICTIONS
WHERE OF SEPARATE OCCASSION AND NOT OF ONE SINGLE ACT.THE TRIAL
COURT MISUNDERSTOOD ITS SCOOP OF DISCRETION UNDER PC 1385 and
667.6sub (c)(d) and 667(h) AND ITS ALTERNATIVE UNDER pc 654
SENTENCING UNDER THE BENSON CASE AND BURGOS CASE.(1).EVEN AFTER
DEFENSE COUNSEL MOTION FOR ROMERO MOTION,THE TRIAL COURT NEVER
ARTICULATED THE DISTINCTION BETWEEN THE FLORIDA CONVICTION AND THE
CALIFORNIA STATUTES AND LAW AS REQUESTED BY THE PETITIONER ,NOR DID
DID ARTICULATED  WHY IT REACHED THAT PETITIONER PRIOR WHERE NOT A
SINGLE ACT.

THE RECORD INDICATES THAT THE COURT BELIEVED THE PRIOR COUNTS
WERE COMMITTED ON SEPARATE OCCASIONS AND ACCORDINGLY FELL SQUARELY
WITHIN THE MANDATE OF THE THREE STRIKE LAW.THIS INFERENCE IS GROUNDLESS.
THE COURTS  STATEMENTS AND THE COURT OF APPEALS OPINOON SAYS
NOTHING ABOUT "SEPARATE OCCASSIONS" OR ADDRESS THE PETITIONERS
REQUEST ON THE FLORIDA VERSE **CALIFORNIA LAWS AND** JUVENILE LAWS.
 FURTHERMORE ,NEITHER THE TRIAL COURT OR THE COURT OF APPEALS DID
NOT PROVIDE A SUFFICIENT ANALYSIS OF THE FACTS TO ALLOW THE COURT
TO DETERMINE WHY IT CONCLUDED ALL SUBORDINATE COUNTS ON THE PRIORS
SHOULD BE COUNTED AS TWO AND NOT ONE SINGLE ACT.

LASTLY,THE TRIAL COURT DID NOT STATE, AS IT MUST,UNDER
WHAT AUTHORITY INFORMATION  IT USE IN RENDERING THE PRIORS STRIKES
AS SEPARATE OCCASIONS AND NOT A SINGLE ACT.

WHEN A COURT "CONCLUDES SUCH A FINDING OF [SEPARATE OCCASIONS] IS APPROPRIATE,IT MUST CLEARLY EXPLAIN ITS REASONING BASED UPON A DISPASSIONATE REVIEW OF THE FACTS."THE COURT IN THE AT BAR ONLY DISCUSS THE PETITIONER BEHAVIOR FROM 1981 TO CURRENT DATE BUT NEVER ARTICULATED ITS REASONS FOR FINDING THAT THE PRIORS WHERE OF SEPARATE OCCASION ,AND NOT OF SINGLE ACTS.ACCORDINGLY,THIS COURT MUST REMAND THE CASE  FOR THE TRIAL COURT TO RECONSIDER ITS DISCRETION UNDER PC 1385 .

HERE THE THREE STRIKE LAW IS UNCONSTITUTIONAL HAS IT COUNTS EACH COUNT AS A STRIKE EVEN IN A PLEA AGREEMENT ,SPECIALLY IN A PLEA WHERE THE PETITIONER COULD NOT AFFORD THE BENEFITS OF EFFECTIVE ASSISTANCE OF COUNSEL ,AS HE DID NOT ENTER IN TO PLEA THEREIN KNOWING ALL THE CIRCUMSTANCES AND POSSIBLE PUNISHMENTS IF HE ENTER INTO SUCH PLEA,THERFORE ITS WAS UNKNOWING AND NOT VOLUNTARY .(CAL.P.C.§667).

CALIFORNIA LAW THAT ALLOWS THE PROSECUTORS OFFICE TO CHARGE A DEFENDANTS PRIORS ,AS INDIVIDUAL COUNTS FOR THE PURPOSE OF PRIORS IS UNCONSTITUTIONAL AND VIOLATION OF THE EIGHT AMENDMENTS RIGHTS AGAINST DISPRORTIONATE PUNISHMENT AND VIOLATION OF DOUBLE JEOPARY.

THE UNITED STATES CONSTITUTION LIMITS CALIFORNIA THREE STRIKE LAW FROM IMPOSSING HARSH PUNISHMENTS AND FROM PROSECUTORY ABUSED.

BECAUSE THE COURT HEREIN FAILED TO CONSIDER AND ARTICULATE A REASON WHY IT DID NOT STRIKE A PRIOR UNDER THE ONE SINGLE ACT AS ARGUED BY DEFENSE COUNSEL AND BECAUSE THE ACT WAS WHEN PETITIONER WAS A MINOR AND THE LAW OF CALIFORNIA  DO NOT RECOGNIZED THE THEORIES OF THE STATE OF FLORIDA,THE STRIKE LAW AS APPLIED IN INSTANT CASE IS UNCOSTITUTIONAL.

THE TRIAL COURT FAILED TO  EXAMINED THE STATUTORY DEFINITION OF THE FLORIDA STATUTE,THE CHARGING DOCUMENT,THE WRITTEN PLEA

TRANSCRIPTS OF PLEA COLLOQUY AND ANY EXPLICIT FACTUAL FINDING BY
THE TRIAL  JUDGE TO WHICH THE DEFENDANTS AS A MINOR ASSENTED IN
THE STATE OF FLORIDA,THIS WAS REQUIRED BY THE TRIAL JUDGE AT THE
   CASE   AT BAR,AND TO MAKE SURE THAT THE FLORIDA CASE MEET
AT THIS AND PAST TIME CALIFORNIA LAW AND CONSTITUTIONAL STANDARDS.
   THE  TRIAL COURT USE THE ABSTRACT OF JUDGMENT FROM THE STATE OF
FLORIDA  TO ACCEPT THE PRIOR CONVICTION AND NOWHERE IN THE
INFORMATION DOES IT CONTRACTION TO PETITIONER CLAIM THAT THE
ACTS WAS OF A SINGLE  ACT,AND THE PETITIONER WAS  A MINOR AND
THE ROBBERY SENTENCE WAS STAYED AND THE ATTEMPTED MURDER ONLY
SENTENCE WAS TO TEN YEARS ,HERE PETITIOENR HAS RECEIVED TRIPLE
THE SENTENCE FOR A PRIOR ,THAT THE TRIAL JUDGE FAILED TO LOOK AT
THE COMPLETE TRIAL PLEA BARGAIN TRANSCRIPTS.
(IN STARE DECISIS: SHEPARD V UNITED STATES,125 S.CT1254 (2005).


   FURTHERMORE , PETITIONER CLAIMS THAT NO PART OF A STATUTE IS
RETROACTIVE UNLESS THE LEGISLATIVE HAS EXPRESSLY SO DECLARED.
   PENAL CODE 3 PROVIDES THAT NO PART OF THE CODE STATUTORY CONSTRUCTION
RATHER THAN .CORRECTION:PENAL CODE 3 PROVIDES THAT NO PART OF THE
CODE IS RETROACTIVE UNLESS EXPRESSLY SO DECLARED.THIS RULE
OF STATUTORY CONSTRUCTION RATHER THEN SUBSTANTIVE LAW SO THE RULE
IS APPLIED AFTER CONSIDERATION OF PERTINENT FACTORS(IN re ESTRADA
(1965)63 CAL.2d 740) AND THE RULE APPLIES UNLESS THE LEGISLATIVE
INTENT IS CLEARLY EXPRESSED OTHERWISE(15 OPS.ATTY.GEN.246).


   IN  UNION MUTUAL LIFE INS CO. V KINDER(1980)108 CAL.APP.3d
517,521,IT  WAS HELD THAT A   STATUTE HAD PROSPECTIVE APPLICATION
BASED ON THE  MAXIM AND  THE USE OF THE CLAUSE "SHALL BE."
SHALL IS NOT RETROSPECTIVE LANGUAGE.SECTION 667,SUB (d)(1) PROVIDES
THAT  DETERMINATION OF WHETHER A PRIOR CONVICTION IS A "STRIKE"
"SHALL BE MADE UPON THE DATE OF THAT PRIOR CONVICTION."(EMPHASIS SUPPLIED).

THE STATUTORY LANGUAGE IS PROSPECTIVE,THAT IS IT SPECIES
AN EVENT TO TAKE PLACE IN THE FUTURE.OF NECESSITY,A PRIOR CONVICTION
MUST  HAVE OCCURRED SOMETIME IN THE PAST,BEFORE THE PRESENT CHARGE.
THEREFORE,THE STATUTE MUST REFER TO PRIOR CONVICTIONS WHICH OCCUR
AFTER MARCH 7,1994.
  THERE IS NO EXPRESS DECLARATION OF RETROACTIVITY IN THE STATUTORY
LANGUAGE.SIGNIFICANTLY,THE CLAUSE PERTAINING TO THEDETERMINATION
OF THE  NATURE OF THE PRIOR CONVICTION IS WRITTEN IN CLEAR
PROSPECTIVE LANGUAGE OF "SHALL".THE DRAFTING OF LEGISLATION TO
REFER TO THE FUTURE OVERCOMES AN INTERPRETATION THAT PRIOR
CONVICTIONS WHICH ANTEDATED THE AMENDMENT AND OTHERWISE QUALIFIED
AS "STRIKE" WERE  CONTEMPLATED.(CF. PEOPLE V JACKSON (1985) 37 CAL.
3d 826,833,overruled on other grounds in PEOPLE V GUERRO(1988)
44cal.3d 343,355,[IN THE  CONTEXT OF HABITUAL CRIMINAL STATUTES
'INCREASED PENALTIES FOR  SUBSEQUENT OFFENSES ARE ATTRIBUTABLE TO
THE DEFENDANTS STATUS AS A REPEAT  OFFENDER AND RAISE AS AN
INCIDENT OF THE SUBSQUENT OFFENSE RATHER THAN CONSTITUTING A
PENALTY FOR THE PRIOR OFFENSE.'(IN re ROSS (1977)10 CAL.3d 910,922).


  A STILL FURTHER INDICATION OF PROSPECTIVE APPLICATION IS FOUND
FROM THE LEGISLATION's  DEFINITION OF A "STRIKE".AS LIMITED TO THOSE
OFFENSES LISTED IN THE RELEVANT STATUTES AS EXISTED ON JUNE 30,1993.
THE JUNE30,1993,DATE FIXES A POINT IN TIME WHICH LIMITS THE
DETERMINATION OF PRIOR FELONY CONVICTIONS AS "SERIOUS" OR
VIOLENT" UNDER SECTION 1192.7,(c)and 667.5,(c).IF A PRIOR FELONY
CONVICTION WAS NOT ON THE LIST PRIOR TO JUNE 1993 IT WOULD NOT
QUALIFY.
  THE INDICATION OF A PRIOR COULD BE LIMITED ON HOW BACK IT COULD
GO AND HOW LONG WOULD THAT PRIOR BE NOT APPLICABLE IF THE DEFENDANT
LIVED WITHOUT COMMITTING ANOTHER SERIOUS  OR VIOLATE CRIME.

8

WHEN THE CALIFORNIA LEGISLATIVE ENACTED THE THREE STRIKE LAW
IT NEVER INTENDED TO VIOLATE STATE NOR FEDERAL EX FACTO LAWS.

A COURT IS NOT PERMITTED  TO REDRAFT THE PLAIN LANGUAGE OF THE
STATUTE IN ORDER TO MAKE IT CONFORM TO AN ASSUMED INTENT.(PEOPLE V
ONE 1940 FORD V-8 COUPE,(1950)36 CAL.2d.471,475;IN re KING
(1971) 3cal.3d226,237[COURT CANNOT REWRITE CLEARLY WORDED STATUTE].

"AN INTENT THAT FINDS NO EXPRESSION IN THE WORDS OF A STATUTE
CANNOT BE FOUND TO EXIST.THE COURT MAY NOT SPECULATE THAT THE
LEGISLATIVE MEANT SOMETHING OTHER THAN WHAT IT SAID.NOR MAY THEY
REWRITE A STATUTE TO MAKE IT EXPRESS AN INTENTION NOT EXPRESSED
THEREIN."(HENNIGAN V UNITED PACIFIC INSURANCE CO.(1975)53 CAL.APP
3d 1,7).
        THE UNITED STATES SUPREME COURT HAS ALSO STOOD BY THIS
PRINCIPAL: "UNDER OUR CONSTITUTIONAL FRAME WORK ,FEDERAL COURTS
DO NOT SIT AS COUNCILS  OF REVISION,EMPOWERED TO REWRITE LEGISLATIVE
(LEGISLATION) IN ACCORD WITH OUR OWN CONCEPTIONS OF PRUDENT PUBLIC
POLICY..."(UNITED STATES V RUTHERFORD (1979) 442 U.S 544).
    BY APPLYING THE THREE STRIKE LAW LEGISLATION TO PETITIONERS
20 YEAR OLD PRIOR OF WHEN HE WAS A MINOR  ,THE TRIAL COURT
ESSENTIALLY REWROTE THE STATUTE TO MEAN THAT APPLICABLE OFFENSES
ARE DETERMINED "AS OF" THE DATE OF CONVICTION RATHER THAN ADHERING
TO THE PLAIN LANGUAGE OF THE STATUTE,"UPON  THE DATE OF THE PRIOR
CONVICTION,"WHICH AS FULLY EXPLAINED ABOVE ,COULD NOT HAVE
OCCURRED PRIOR TO MARCH 7,1994.
    IF THE LEGISLATURE INTENDED RETROACTIVE APPLICATION,IT COULD
HAVE WRITTEN THE STATUTE  CLEARLY TO COMMUNICATE THAT INTENTION.
THE LANGUAGE WAS NOT WATERSHED,IT WAS CLEAR.
    IF THERE IS AN AMBIGUITY IN THE STATUTE ,IT SHOULD BE RESOLVED
IN FAVOR OF PETITIONER.ASSUMING ARGUENDO,THAT  THE    LANGUAGE OF
THE STATUTE IS AMBIGOUS,THE MEANING SHOULD  BE CONSTRUED AS
FAVORABLY TO THE PETITIONER AS ITS LANGUAGE AND  THE CIRCUMSATNCES
OF ITS APPLICATION MAY REASONBLE PERMIT.
    A STATUTE SHOULD NOT BE INTERPRETED IN A MANNER THAT ACHIEVES
UNCONSTITUTIONAL RESULTS.STATUTES SHOULD ALSO BE INTERPRETED

IN A MANNER WHICH AVOIDS AN UNCONSTITUTIONAL READING.BOTH THE
UNITED STATES SUPREME COURT AND THE CALIFORNIA COURTS HAVE POINTED
OUT ON NUMEROUS OCCASIONS THAT A COURT,WHEN FACED WITH AN AMBIGUOS
STATUTE THAT RAISES SERIOUS CONSTITUTIONAL QUESTIONS,SHOULD
ENDEAVOR TO CONSTRUE THE STATUTE THE STATUTE IN A MANNER WHICH
AVOIDS ANY DOUBT CONCERNING ITS VALIDITY.(SEE e.g..LYNCH V
OVERHOLSTER (1962) 369 U.S 705,710-711[8 L.ED.2d 211,215-216,82
S.CT1063; UNITED STATES   ex rel. ATTY. GEN. V DELAWARE & HUDSON CO.
(1909) 213 U.S 366,407-408).

       THE PETITIONER PRIOR WAS ACHIEVED BY MEANS OF A PLEA BARGAIN
WHEN HE WAS A MINOR,SINCE NO JUDGE WAS AWARE OF THE NEW MEANING
(MEANING) OF A PRIOR NOR DID THE JUDGE WAS AWARE THAT DOUBLE
JEOPARY WOULD TAKE A NEW MEANING TO ACCOMMADATE THE STATE OF CALIFORNIA
PRIOR TO MARCH 1994,NO JUDGE ,NOR ATTORNEY REPRESENTING A MINOR
WHICH LEGALLY IS NOT ALLOWED TO ENTER INTO A AGREEMENT,NO JUDGE
ADVISED A DEFENDANT PLEADING GUILTY TO THE FELONY OFFENSE OF
ROBBERY AND ATTEMPTED MURDER OF THE CONSEQUENCES OF A POTENTIAL
LIFE TERM SHOULD THE FELONY CONVICTION BE A "STRIKE" UNDER NEW
LEGISLATION.WHETHER PETITIONER AS A MINOR PLEA ,WHETHER THIS
JUDICIAL OMISSION WILL RESULT IN STRIKING A PRIOR FELONY
CONVICTION AS CONSTITUTIONALLY OBTAINED BASED ON AN UNKNOWING,
UNINTELLIGENT WAIVER IS UNKNOWN,BECAUSE THE TRIAL COURT AT CASE AT
BAR FAILED TO MAKE SUCH RULING ON THE RECORD HAS IT FAILED TO
TO REVIEW THE TRANSCRIPTS OF THE PLEA ENTERING AND ACCEPTANCE BY
THE TRIAL JUDGE IN 1981 IN THE STATE OF FLORIDA.AS IT CLEAR
THAT PETITIONER WAS NEVER AS A MINOR ADVISED OF ALL DIRECT
CONSEQUENCES OF PLEA.

       BECAUSE THE "THREE STRIKE LAW" STATUTE DID NOT GIVE SPECIFIC
NOTICE OF THE PUNISHMENT IT ENTAILS,IT VIOLATES THE DUE PROCESS
CLAUSES OF BOTH THE STATE AND FEDERAL CONSTITUTIONS,AS WELL AS IT
MAKES IMPOSSIBLE FOR ANY COUNSEL TO RENDER EFFECTIVE ASSISTANCE OF
COUNSEL ,THEREFORE LEAVING THE QUESTION OPEN "IF THE PETITIONER
RECEIVED EFFECTIVE ASSISATNCE OF COUNSEL WHEN HE WAS A MINOR AND
WHEN HE ENTERED INTO THE PLEA .

"THE REQUIREMENT OF A REASONABLE DEGREE OF CERTAINITY IN LEGISLATION,
ESPECIALLY IN THE CRIMINAL LAW,IS A WELL ESTABLISHED ELEMENT OF THE
GUARANTEE OF DUE PROCESS OF LAW."NO ONE MAY BE REQUIRED AT PERIL
OF  LIFE,LIBERTY OR PROPERTY TO SPECULATE AS TO THE MEANING OF
PENAL STATUTES.ALL ARE ENTITLE TO BE INFORMED AS TO WHAT THE STATE
COMMANDS OR FORBIDS..(LANZETTA V NEW JERSEY (1939) 306 U.S 451,453,
quoting ; CONNALLY V GENERAL CONST. CO.(1926)269 U.S 385,391).


     FINALLY,IN PETITIONER CASE,THERE WERE NUMEROUS FACTORS THAT
SHOULD HAVE WEIGHED HEAVILY IN THE COURTS MIND IN FAVOR OF THE ITS
EXERCISE OF DISCRETION TO DISMISS ONE OF PETITIONERS PRIORS.PETITIONERS
PRIORS AROSE OUT OF A SINGLE CASE.IT WAS OF A SINGLE ACT.HIS TWO
STRIKES WERE NOT THE RESULT OF RECIDIVISM,BUT RATHER HIS CONVICTION
OF TWO FELONIES BASED ON A SINGLE INCIDENT.ADDITIONALLY THE
STRIKE OFFENSES OCCURRED MORE THAN 20 YEARS BEFORE THIS CASE.AT
THE TIME OF PETITIONER PRIOR OFFENSES,PETITIONER WAS A 17-
YEAR OLD BOY ,LIVING IN FLORIDA WHEN HE AND TWO OLDER COMPANIONS
COMMITTED THE ROBBERY.DURING THE OFFENSE,ONE OF PETITIONERS
COMPANIONS  SHOT THE VICTIM.
     FURTHERMORE,SOCIETY's LEGITIMATE INTEREST IN A FAIR PROSECUTION
"WOULD HAVE BEEN ADEQUATELY SERVED IN THIS CASE BY PUNISHING
PETITIONER AS A SECOND STRIKER.(PEOPLE V GARCIA (1999) 20 CAL.4TH
490,500 [consideration of the term the defendant will serve
is  appropriate in the determination as to weather to strike
a prior].).IF THE TRIAL COURT HAD DISMISSED ONE OF PETITIONERS
PRIOR THAT AROSE FROM ONE SINGLE CASE PLEA,THE TRIAL COURT
STILL RETAINED DISCRETION TO SENTENCE PETITIONER TO A TERM
IN EXCESS OF 20 YEARS IN STATE PRISON AT 85 % TIME.SUCH SENTENCE
WOULD HAVE SUBJECTED THE PETITIONER TO A PUNISHMENT THAT WAS
MORE THEN DOUBLE THE AMOUNT HE SERVED IN THE FLORIDA CASE.
IN 1981.
     PETITIONER PRAY THAT THIS COURT REMANDS THIS CASE BACK
TO THE TRIAL COURT FOR RESENTENCING UNDER THE **TWO STRIKE** PROVISIONS.
OF THE THREE STRIKE LAW.

<u>CLAIM THREE</u> :PETITIONER RECEIVED <u>INEFFECTIVE ASSISTANCE OF</u> COUNSEL
FROM <u>APPELLATE ATTORNEY</u> :,

<u>CLAIM FOUR</u>: <u>PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL</u>
<u>DURING THE PLEA BARGAIN TRIAL PROCESS</u>:,,


**PETITIONER** HEREIN **WILL JOING** THE ARGUMENTS OF CLAIMS THREE
AND OF CLAIM FOUR .


**PETITIONER HEREIN DECLARES AND ALLEGES UNDER PENALTY**
OF PERJURY ,THAT THE HEREIN IS TRUE AND CORRECT.

---

PETITIONER ,ALLEGES THAT HE RECEIVED INEFFECTIVE ASSISTANCE
OF COUNSEL DURING HIS APPEALS PROCESS BECAUSE HE TOLD HIS APPEALS
COUNSEL THAT HE (PETITIONER) DID NOT UNDERSTAND NOR READ IN
ENGLISH.PETITIONER TOLD HIS APPEALS COUNSEL THAT HE HAD RECEIVED
INEFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL PLEA BARGAIN
PROCEEDINGS ,BECAUSE THE TRIAL COUNSEL HAD LIED TO THE PETITIONER
ABOUT WHAT HIS SENTENCE WOULD BE IF HE PLEA GUILTY AND THAT
HIS PRIOR CONVICTION FROM 1981 WOULD BE COUNT AS ONE STRIKE
AND HE WOULD NOT GET MORE THEN 20 years WITH 85% OF TIME TO
DO.THIS CLAIM WAS OF MERIT AND THE PROPER WAY OF PRESENTING
SUCH A CLAIM IS VIA WRIT OF HABEAS CORPUS.
PETITIONER SUBMITS EXHIBITS "__" TO "___" ,WHICH ARE LETTERS
FROM THE THE APPEALS COUNSEL LETTER WHERE COUNSEL ONLY COMMUNICATED
WITH THE PETITIONER IN ENGLISH ,THE ONLY LETTER THAT PETITIONER
DID RECEIVED IN SPANISH IS EXHIBIT "___".
PETITIONER HAS ATTEMPTED TO RAISE ISSUE TO THIS GROUNDS IN
HIS OTHER WRITS ,BUT HAS BEEN UNABLE TO LOCATE LAW BOOKS OR
LEGAL MATERIAL IN SPANISH OR WAS UNABLE TO ,LOCATE A "INMATE
LEGAL ASSISTANT THAT KNEW THE LAW AND WAS ABLE TO PROVIDE LEGAL
HELP IN SPANISH AND WAS ABLE TO TRANSLATE THE ENTERED MATERIAL


12

THAT WAS PROVIDED TO HIM BY THE APPEALS COUNSEL AND THE TRIAL
COURT.FURTHERMORE PETITIONER WAS ADVISE IN SPANISH OF THE REQUIRED
STANDARD TO PRESENT THE FEDERAL ISSUES IN A STATE COURT ,GIVING
THE STATE COURT TO FIRST TRY TO REMEDY THE CONSTITUTIONAL VIOLATION
BEFORE IT MAY BE PRESENTED IN FEDERAL COURT ,PETITIONER LEARN
THIS ON SEPTEMBER 5,2006.

    THE PETITIONER DID ATTEMPT TO HAVE HIS APPEALS COUNSEL
RAISE ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL AND THE COUNSEL
JUST PLAINLY REFUSE WITHOUT GIVING REASON TO THE PETITIONER
NOR DID HE EVER WRITE THE PETITIONER ASKING HIM ANY QUESTION
OF THE PLEA BARGAIN HEARINGS AND NEVER WROTE THE PETITIONER
IN THE LANGUAGE PETITIONER SPOKE WHICH IS SPANISH.

    THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL
IS EXTENDED TO DEFENDANTS DURING THE APPEALS PROCESS IN THE
STATE COURTS.APPELLATE COUNSEL HAS THE DUTY TO EVALUATE CLAIMS
FOR APPEALS ,SPECIALLY WHEN A CLAIM IS BROUGHT TO THE ATTENTION
OF THE APPELLATE COUNSEL,IT HAS THE DUTY TO INVESTIGATE AND
PRESENT THE CLAIM IN THE BRIEF WHEN THE CLAIM IS NOT FRIVOLOUS.
APPELLATE COUNSEL MUST SAFEGUARD ALL PETITIONERS RIGHTS DURING
THE APPELAS PROCESS.THIS RIGHT IS ALSO EXTENDED BY THE FEDERAL
DUE PROCESS.
    **CONSTITUTIONAL LAW § 271 ;**

    AS A PRACTICAL MATTER,THE EQUAL PROTECTION AND DUE PROCESS
CLAUSES OF THE 14th AMEND LARGELY CONVERGE TO REQUIRE THAT A
STATE's PROCEDURE  AFFORDS ADEQUATE AND EFFECTIVE APPELLATE REVIEW
TO INDIGENT DEFENDANTS ,AND A STATE's PROCEDURE PROVIDES SUCH REVIEW
SO LONG AS IT REASONABLY ENSURES THAT AN INDIGENT APPEAL WILL BE
RESOLVED IN A WAY THAT IS RELATED TO THE MERIT OF THAT APPEAL.
U.S.C.A CONST.AMEND.14

    AN "ARGUABLE ISSUE" IS REQUIRED BY THE APPELLATE COUNSEL TO FILE
A NONFRIVOLOUS MERIT BRIEF,BEFORE THE STATE COURTS.

CRIMINAL LAW § 641.13(7):,

THE PROPER STANDARD FOR EVALUATING HABEAS CORPUS PETITIONERS
CLAIM THAT APPELLATE COUNSEL WAS INEFFECTIVE  IN NEGLECTING TO FILE
A MERITS BRIEF IS THAT ENUNCIATED IN STRICKLAND,UNDER WHICH PETITIONER
MUST FIRST SHOW THAT THIS COUNSEL WAS OBJECTIVELY UNREASONABLE IN
FAILING TO FIND ARGUABLE ISSUES TO APPEAL,THAT IS,THAT COUNSEL
UNREASONABLY FAILED TO DISCOVER NONFRIVOLOUS ISSUES AND TO FILE
A MERITS BRIEF RAISING THEM,AND IF PETITIONER SUCCEEDS IN SUCH A
SHOWING ,HE THEN HAS THE BURDEN  OF DEMONSTRATING PREJUDICE,THAT
IS ,HE MUST SHOW A REASONABLE PROBABILITY THAT,BUT FOR HIS COUNSEL
UNREASONABLE FAILURE TO FILE A MERITS BRIEF,HE COULD HAVE PREVAILED
ON HIS APPEAL.U.SC.A.CONST.AMENDS.6,14.

"WITH  A CLAIM THAT APPELLATE COUNSEL ERRONEOUSLY FAILED TO FILE
TO FILE A MERITS BRIEF,A DEFENDANT CAN SATISFY THE FIRST PART OF
THE  STRICKLAND TEST BY SHOWING THAT A REASONABLE COMPETENT ATTORNEY
WOULD HAVE FOUND ONE NONFRIVOLOUS ISSUE WARRANTING A MERIT BRIEF.

AT CASE AT BAR ,THE PETITIONER MADE HIS APPELLATE COUNSEL
1. THAT PETITIONER DID NOT UNDERSTAND ,NOR DID HE READ IN ENGLISH
2. THAT HE EDUCATION IN SPANISH WAS LIMITED.
3. PETITIONER WROTE COUNSEL AND TOLD HIM THAT HIS TRIAL COUNSEL
   HAD LIED TO HIM ABOUT THE PLEA BARGAIN AND OF THE TIME HE WOULD
   GET AFTER THE ROMERO P.C 1385 HEARING,FOR HIS 20 years old
   CASE FROM THE STATE OF FLORIDA.

IT'S MORE THEN CLEAR THAT INEFFECTIVE ASSISTANCE OF COUNSEL DURING
TRIAL PROCEEDINGS IS NEVER A FRIVOLOUS  AND MERITS MORE CAREFUL
INVESTIGATION AND INQUIRY FROM THE APPELLATE ATTORNEY IN THE
MATTER OF THIS CLAIM ,IN WHICH IT HAS MERIT COULD REVERSE THE
CONVICTION AND RESTORE THE PETITIONER TO HIS ORIGINAL POSITION
BEFORE HE ENTER INTO A INVOLUNTARY PLEA.

14

IN DOUGLAS V CALIFORNIA, 372 U.S 353, 83 S.CT 814, 9L.ED.2d 811;

THE COURT HELD THAT STATES MUST PROVIDE APPOINTED COUNSEL TO INDIGENT CRIMINAL DEFENDANT ON APPEAL AND THAT COUNSELS PERFORMANCE MUST BE CONSTITUTIONAL.(SEE ALSO: GRIFFIN V ILLINOIS, 351 U.S 12,)

THEREFORE PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS APPEAL PROCESS ,BECAUSE PETITIONER MADE APPEALS COUNSELS KNOW THAT HE ONLY SPEAK SPANISH AND MADE COUNSEL AWARE OF WHAT HAPPEN DURING THE PLEA AND WHAT TRIAL COUNSEL HAD TOLD THE PETITIONER AND WHAT PETITIONER THOUGH HE WAS RECEIVING WHEN HE PLEADED UNDER COUNSELS ADVISEMENT.

AS PETITIONER HAS PROVIDED THE FACTS BY EXHIBITS FROM LETTERS FROM HIS APPELLATE COUNSEL AND UNDER THE CASE LAW OF STARE DECISIS MENDOZA V CAREY   NO.04-56733(9thcir 10-17-05): THIS COURT FOUND GROUND AND MERIT WHEN A SPANISH SPEAKER CANNOT FIND A TRANSLATOR OR MATERIAL IN SPANISH ,MAY ENTITLE HIM TO SOME KIND OF RELIEF.

B. PETITIONER CLAIMS HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL:..
   DURING HIS CRIMINAL TRIAL/ PLEA PROCESS...

PETITIONER CLAIMS THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF DURING HIS TRIAL / PLEA BARGAINING PROCESS ,FIRST PETITIONER DOES NOT SPEAK ENGLISH AND HIS EDUCATION IS LIMITED.FURTHERMORE THE TRIAL COUNSEL HAD TOLD PETITIONER TO GO AHEAD AND ADMIT TO THE PRIOR STRIKES AND TO TAKE A PLEA BARGAIN BECAUSE ON A ROMERO HEARING THE TRIAL JUDGE WOULD STRIKE ONE PRIOR AND HE WOULD ONLY FACE A MAXIMUM OF 15 to 20 YEARS BUT NO LIFE TERM.THIS WAS THE ONLY REASON PETITIONER ENTERED INTO A PLEA BARGAIN.PETITIONER FACE THE SAME AMOUNT OF YEARS AND LIFE TERM IF HE HAD GONE TO TRIAL, THE ONLY INCENTIVE PETITIONER HAD WAS THE ADVISE OF COUNSEL TO

PLEA AND TO AGREE THAT HE HAD PRIORS ,AND IN SUCH WE WOULD RECEIVE
LESS TIME ,OF A TERM OF 15 to 20 YEARS ,BUT PETITIONER WAS NEVER
TOLD BY COUNSEL IF THE JUDGE RULE AGAINST HIM IN THE ROMERO HEARING
HE WOULD BE SENTENCE TO LIFE WITHOUT PAROLE.

HAD THE PETITIONER KNOWN THAT HE WAS GOING TO BE SENTENCE TO
33 YEARS TO LIFE HE WOULD HAD NEVER PLEADED AND WOULD HAD TAKEN
HIS CHANCES IN TRIAL ,AS HE FACE THE SAME AMOUNT OF TIME IF NOT LESS
AND HAD THE BENEFIT OF A JURY TRIAL AND OF THE PROTECTIONS OF
THEM USING BAD CHARACTER AND THE PROTECTION OF EVIDENCE CODE 1101
and 1108.

TRIAL COUNSEL ,SPECIFICALLY TOLD PETITIONER THAT IT WAS IN HIS
BEST INTEREST THAT HE STIPULATES TO THE PRIORS AND PLEAS SO THAT
HE WOULD RIP THE BENEFITS OF LOWER TERM AND NOT FACE A LIFE TERM.
YET ,THE ADVISE AND PROMISE THE TRIAL COUNSEL MADE TO THE PETITIONER
DID FLORISH FROM SAID ADVICE FROM COUNSEL.

FURTHERMORE,TRIAL COUNSEL FAILED TO INVESTIGATE PROPERLY ALL
THE SPECIFICS FROM THE PETITIONERS CONVICTION AND ITS PLEA BARGAIN
TRANSCRIPTS AND RECORD OF THE COURT,SO THAT HE COULD PRESENT MORE
THEN JUST THE INFORMATION OF THE ATTORNEY GENERAL AND THE ABSTRACT
OF JUDGEMENT FROM THE FLORIDA COURT ,WHICH SHED NO LIGHT ON THE
PROCEDINGS OF THE ENTERING OF THE PLEA AND THE READYING AND
ACCEPTANCE OF THE COURT OF THAT PLEA ,SPECIALLY BECAUSE AT THAT
TIME THE PETITIONER WAS A MINOR BOY.

IN ROMPILLA V BEARD ,125 .S.CT 2456. (2005 U.S): THE U.S SUPREME
COURT HELD THAT WHEN A DEFENSE COUNSEL FAILS TO INVESTIGATE
ADEQUATELY THE POLICE ,PRISON RECORDS,COURT TRANSCRIPTS,THE PLEA
AGREEMENT,DOES STAND FOR INEFFECTIVE ASSISTANCE OF COUNSEL.

CASE AT BAR ,THE TRIAL COUNSEL FAILED TO INVESTIGATE THE TERMS
OF THE PLEA BARGAIN ,THE POLICE RECORDS AND THE PRISON RECORDS
AND THE TRIAL COURTS TRANSCRIPTS ,TO SEE IF ANY OF THIS COULD
HAVE HAD MITIGATING FACTS TO COMPELL THE TRIAL COURT TO STRIKE A
PRIOR LIKE A SINGLE ACT.THEREFORE THIS DOES CONSTITUTES DEFECTED
COUNSEL.

THERE IS AN OBVIOUS REASON THAT THE FAILURE TO EXAMINE PETITIONERS
PRIOR CONVICTION FILE FELL BELOW THE LEVEL OF REASONABLE PERFORMANCE
.COUNSEL KNEW THAT THE STATE SOUGHT TO REQUEST EACH PRIOR BE A
SEPARATE STRIKE EVEN IF ARISING OF THE SAME CASE PLEA,AND SECONDLY
BECAUSE THE COUNSEL ADVISE THE PETITIONER TO PLEA TO THE PRIOR
CONVICTION AND TO PLEA OUT IN THIS CASE TO BENEFIT FROM A LESSER
SENTENCE THEN A LIFE TERM.,FURTHER MORE COUNSEL KNEW THAT THE STATE
WOULD USE THIS INFORMATION TO EMPHASIZE THE CHARACTER OF PETITIONER
THERE IS NO QUESTION THAT DEFENSE COUNSEL WAS ON NOTICE ,SINCE
COUNSEL ADVICE PETITIONER TO PLEA OUT AND STIPULATE TO THE PRIORS
SO THAT HE COULD GET LESSER THEN A LIFE SENTENCE ON A ROMERO
HEARING.IT IS ALSO UNDISPUTED THAT THE PRIOR CONVICTION FILE WAS
A PUBLIC DOCUMENT,READY AVAILABLE FOR THE ASKING AT THE VERY COURT
HOUSE AT DADE COUNTY OF FLORIDA.IT IS CLEAR BY THE ROMERO MOTION
THAT THE COUNSEL DID NOT LOOK AT ANY PART OF THAT FILE TO MITIGATE
THE STRIKE AND TO REQUEST IT TO BE COUNTED AS A SINGLE ACT AS
ONE OF THE PRIOR WAS STAYED IN THE STATE OF FLORIDA..NO REASONABLE
LAWYER WOULD FORGO EXAMINATION OF THE FILE IN THE PREPARATION OF
A CRUCIAL PART OF HIS CLIENT PLEA BARGAIN PROCEEDINGS.
COUNSEL HERE LIKE IN THE ROMPILLA CASE ,COUNSEL FELL SHORT TO MAKE
REASONABLE EFFORT TO REVIEW THE PRIOR CONVICTIONFILE ,DESPITE
KNOWING THAT THE PROSECUTION INTENDED TO USE THIS INFORMATION ON
PETITIONER 20 YEAR OLD CONVICTION AND BECAUSE OF COUNSEL OWN
ADVICEMENT DID PETITIONER ENTER INTO THE PLEA IN THE COUNSEL
PROMISE AND ADVICE..

LASTLY,THE PETITIONER WOULD HAD NOT ENTER INTO THE PLEA NOR
WOULD HAD HE STIPULATED TO THE PRIORS HAD TRIAL COUNSEL HAD TOLD
HIM THAT ALL HE FACE WAS A UPPER TERM OF NO MORE THEN 15 to 20
YEARS ,BUT ASSURED THE PETITIONER THAT HE WOULD NOT HAVE A LIFE
TERM.IF PETITIONER HAD KNOWN THAT THE TRIAL COUNSEL ADVICE WAS
INCORRECT AND THAT COUNSEL FAIL TO SECURE THE MITIGATING FACTS OF
STRIKING A PRIOR ,AND THAT AFTER THE ROMERO HE WOULD STILL FACE A
LIFE TERM SENTENCE ,PETITIONER WOULD HAD TAKEN THE MATTER TO TRIAL
BECAUSE IF HE WAS CONVICTED BY A JURY THE HIGHEST SENTENCE IS THE
THE ONE THAT HE GOT CURRENTLY UNDER THE FALSE AND ERROUNEOUS
ADVICE AND PROMISE THE COUNSEL MADE TO HIM.

THEREFORE ,PETITIONER DID RECEIVE DEFICIENT PERFORMANCE OF COUNSEL,THIS
PERFORMANCE DID PREJUDICE THE PETITIONER,AND RETURN TO PLEA BARGAIN
STAGE HEREIN IS APPROPRIATE REMEDY.

CRIMINAL LAW §641.13(1):

"REASONABLE PROBABILITY "OF DIFFERENT OUTCOME FOR PURPOSE OF
INEFFECTIVE ASSISTANCE OF COUNSELCLAIM IS PROBABILITY SUFFICIENT
TO UNDERMINE CONFIDENCE IN  OUTCOME. U.S.C.A CONST.AMEND.6.

UNDER CRIMINAL LAW §641.13(5) PERFORMANCE OF COUNSEL WAS DEFICIENT
,FOR THE PURPOSE OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM ,IN
ADVISING PETITIONER TO ADMIT TO THE PRIORS AND TO PLEA GUILTY
IN WHICH EXPOSE THE PETITIONER TO A THREE STRIKE LAW TERM OF 25 yrs
to life TERM,AS DEFENSE COUNSEL FAILED TO INVESTIGATE PETITIONERS
PRIOR ROBBERY AND ATTEMPTED MURDER CONVICTIONS,FAILED TO OBTAIN
PROPER COURT TRANSCRIPTS AND PLEA PROCEEDINGS RECORDS AND FAILED
TO SEEK SUFFICIENT INFORMATION FROM PETITIONERS PRIOR CONVICTION.
U.S.C.A CONST.AMEND.6;WEST's ANN.CAL.PENAL.CODE §§667(e)(A),
1170.12(c)(2)(A).

PETITIONER VERIFIES AND DECLARES THAT HAD HE NOT RECEIVED THIS
ILL ADVICE ,HE WOULD HAD TAKEN HIS CASE TO TRIAL AS HE THEN FACE
THE  SAME AMOUNT OF TIME  AS HE IS NOW SUBJECTED BY THE ERROR
ADVICE AND PROMISE MADE BAD BY THE TRIAL COUNSEL ,PETITIONER WOULD
HAD SEEK JURY TRIAL AND WOULD HAD NOT PLEADED TO HIS PRIORS  ABSENT
THE ADVICE OF HIS COUNSEL THAT FAILED TO INVESTIGATE HIS PRIORS
PROPERLY AND FURTHERMORE,COUNSEL LIED TO PETITIONER ON THE THREE
STRIKE LAW NOT APPLING TO HIM AS HIS CONVICTION WAS MORE THEN
20 yrs old AND HE WAS A MINOR AND IS CONVICTION AROSE FROM A
SINGLE ACT.HAD PETITIONER HAD THE ABILITY  OF SPEAKING  ENGLISH
AND THE OPPORTUNITY OF EFFECTIVE ASISTANCE OF COUNSEL HE HAD NOT
PLEAD GUILTY  KNOWING THAT HE WOULD BE SUBJECTED TO THE SAME TERM
OF LIFE EITHER WITH A PLEA OR WITH A JURY TRIAL PETITIONER STOOD
A BETTER CHANCE ON A TRIAL BY HIS PEERS.

THEREFORE ,PETITIONER OUTCOME WOULD HAD BEEN DIFFERENT AND HE
WOULD HAD GONE TO TRIAL ,HAD HE RECEIVED COMPETENT LEGAL ADVICE.
RIGGS V FAIRMAN, CITED AS:399 f.3d 1179(9thcir 2005).
SEE: MASK V MCGINNIS,233 f.3d.132,142,(2d cir.2000)DAVIS V WOODFORD,
NO.05-55164 (9thcir.2006).(CASE LAW SITE IN HEREIN OMITTED).

RIGHT TO COMPETENT COUNSEL **IS NOT** ONLY A RIGHT FROM THE SIXTH
AMENDMENT ,BUT RIGHT TO **COMPETENT** COUNSEL IS DERIVER SOLEY FROM
THE DUE PROCESS CLAUSES : DIGGS V WEIGH (1945) 80 U.S APP.D.C.5,6-
7,148 f.2d 667).

THE 6th AMEND AND ARTICLE I,SECTION 15,REQUIRE COUNSEL "DILIGENCY
AND ACTIVE PARTICIPATION IN THE FULL AND EFFECTIVE PREPARATION
OF HIS CLIENT's CASE"(PEOPLE V VEST (1974) 43 CAL.APP.3d 728,736,
118 CA.RPTR 84,88):BEASLEY V UNITED STATES (6th cir.1974) 491 f.2d
687 687-693-94). "

"TO BE VALID PLEA MUST BE MADE VOLUNTARY AND **WITH FULL KNOWLEDGE"**
OF THE CONSEQUENCES"(BOYKIN V ALABAMA ,395 U.S 238,241-42,89 S.CT
1709(1969).( CHUA HAN MOW V UNITED STATES ,730 f.2d 1308-1310
(9th.cir.1984).
" A GUILTY PLEA **IS A GRAVE AND** SOLEMN ACT TO BE **ACCEPTED ONLY WITH**
CARE AND DISCERNMENT HAS LONG BEEN RECOGNIZED .CENTRAL TO THE PLEA
AND THE FOUNDATION FOR ENTERING JUDGEMENT AGAINST THE DEFENDANTS
ADMISSION IN OPEN COURT THAT HE COMMITTED THE ACTS CHARGED IN THE
INDICTMENT.HE THUS STANDS AS A WITNESS AGAINST HIMSELF AND HE IS
SHIELDED BY THE FIFTH AMENDMENT FROM BEING COMPELLED TO DO S)--
SO -- HENCE THE MINIMUM REQUIREMENT THAT HIS PLEA BE VOLUNTARY
EXPRESSION OF HIS OWN CHOICE.BUT THE PLEA IS MORE THAN AN ADMISSION
OF PAST CONDUCT:IT IS THE DEFENDANTS CONSENT THAT JUDGEMENT OF
CONVICTION MAY BE ENTERED WITHOUT A TRIAL-- A WAIVER OF HIS RIGHT
BEFORE A JURY OR A JUDGE.WAIVERS OF CONSTITUTIONAL RIGHT ,NOT ONLY
**MUST** BE VOLUNTARY BUT **MUST BE KNOWINGLY,ITELLIGENTLY**ACTS DONE
WITH SUFFICIENT AWARENESS OF THE RELEVANT CIRCUMSTANCES AND LIKELY
CONSEQUENCES.(MACHIBRODA V UNITED STATES,368 U.S 487,493(1962);
WALEY V JOHNSTON ,316 U.S 101,104 (1942).

19

"DUE PROCESS GUARANTEES UNDER THE FIFTH AMEND REQUIRE THAT A
DEFENDANTS GUILTY PLEA BE VOLUNTARY AND INTELLIGENT AND KNOWING. A
PLEA OF GUILT IS VOLUNTARY "ONLY IF IT IS ENTERED BY FULLY AWARE
OF THE DIRECT CONSEQUENCES OF HIS PLEA."(CARTER V MCCARTHY,806,
f.2d 1373,1375(9thcir.1986)..cert.denied.,484 U.S870(1987):quoting:
BRADY V UNITED STATES,397 U.S 742,755(1970)(EMPHASIS IN ORIGINAL).

"BEFORE A COURT MAY ACCEPT A DEFENDANTS GUILTY PLEA,THE DEFENDANTS
MUST BE ADVISE OF THE "RANGE OF ALLOWABLE PUNISHMENT" THAT WILL
RESULT FROM HIS PLEA. U.S ex rel. PEBWORTH V CONTE 489 f.2d 266,268
(9th cir.1974).

        UNDER THIS STANDARD ,DIRECT CONSEQUENCE INCLUDED A POSSIBILITY
OF BEING GIVEN A LIFE TERM REGARDLESS OF THE PLEA AGREEMENT IF
THE ROMERO HEARING DID NOT GO IN FAVOR OF PETITIONER.

        THE DISTINCTION BETWEEN A DIRECT AND COLLATERAL CONSEQUENCE OF
A PLEA "TURNS ON WHETHER THE RESULT REPRESENTS A DEFINITE IMMEDIATE
AND LARGELY AUTOMATIC EFFECT ON THE RANGE OF THE DEFENDANTS PUNISHMENT.
:GEORGE V BLACK ,732 f.2d  108 ,110(8thcir1984)(quoting;
CUTHRELL V DIRECTOR,PATUXENT INSTITUTION,475 f.2d 1364,1366 (4thcir)
CERT.DEN.414 U.S 1005 (1973).

        "WHERE A DEFENDANT ENTERS A PLEA OF GUILT UPON THE ADVICE OF
COUNSEL,"THE VOLUNTARINESS OF THAT PLEA DEPENDS ON WHETHER COUNSELS
ADVICE WAS WITHIN THE RANGE OF COMPETENCE DEMANDED OF ATTORNEYS
IN CRIMINAL CASES".(HILL V LOCKHART,474 U.S 52,106 S.CT 366 (1985)
QUOTING :MCMANN V RICHARDSON 397 U.S 759 ,771,90 S.CT 1441 (1970).

        " GROSS MISCHARACTERIZATION OF THE LIKELY OUTCOME OF A PLEA
COMBINE WITH ERRONEOUS ADVICE ON THE POSSIBLE EFFECTS OF GOING TO
TRIAL ,FALLS BELOW THE LEVEL OF COMPETENCE REQUIRED FOR A DEFENSE
COUNSEL.(IAEA V SUNN ,800 f.2d 865 (9thcir 1986).

        AS HERE AT CASE AT BAR,THE GROSS MISCHARACTERIZATION"
WHEN  THE TRIAL COUNSEL TO PETITIONER TO PLEA ON  CURRENT CHARGE
AND TO PLEA TO PRIORS AND THAT HE WOULD NOT GET A LIFE TERM WHEN
THE ROMERO HEARING WAS DONE. HAD PETITIONER KNOWN THAT EVEN IN A
PLEA HE WOULD STILL RECEIVE A TERM OF LIFE PETITIONER WOULD HAD
GONE TO TRIAL BY JURY.

PETITIONER WAS MISLEAD BY COUNSEL AND WAS NOT FULLY ADVICE OF
THE CONSEQUENCES OF HIS PLEA AND HAD HE KNOWN  HE WOULD HAD SEEKED

TRIAL BY JURY.(WELLNITZ V PAGE 420 f.2d 935,936 (10 th cir.1970)(
(per curiam).(CF: MOSHER V LAVALLE 491 f.2d 1346,1348(2nd cir)(per
curiam)(INEFFECTIVE ASSISTANCE WHERE COUNSEL TOLD ACCUSED THAT THE
JUDGE JUDGE HAD PROMISE MINIMUM SENTENCE REQUIRED ,BUT NO SUCH
PROMISE  HAD BEEN MADE AND ACCUSED RECEIVED MAXIMUM),cert.den.,
416 U.S 906(1974).

    FINALLY .GUILTY PLEA IS INVALID IF DEFENDANT DOES NOT UNDERSTAND
CHARGES AGAINST HIM OR POSSIBLE PUNISHMENT HE FACES(U.S.C.A CONST.6 AMEND
THE CONSTITUTIONAL RIGHT TO THE ADEQUATE ASSISTANCE OF COUNSEL
SUGGEST A FOCUS ON THE THE QUALITY OF THE REPRESENTATION PROVIDE
THE ACCUSE,WHILE THE DUE PROCESS CONCERNS ITSELF WITH THE FAIRNESS
OF THE TRIAL AS A WHOLE,ONE MAY RECEIVE INEFFECTIVE ASSISTANCE OF
COUNSEL EVEN THOUGH THE PROCEEDINGS HAVE NOT BEN A FARCE OR MOCKERY.
(CITATION OMITTED)(HEARING V ESTELLE (5th.cir1974) 491 f.2d 125,128

    PETITIONER HEREIN  UNDER FEDERAL AND STATE LAW DECLARES  AND
VERIFIES THAT HE DID ASK HIS APPELLATE COUNSEL TO BRING THE ISSUE
OF INEFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL BECAUSE DEFENSE
COUNSEL HAD LIED AND MISLEAD PETITIONER INTO PLEADING TO THE CURRENT
CRIMES AND TO THE ALLEGED PRIORS,AS HE WAS TOLD THAT HE WOULD
RECEIVE LESS THEN 20yrs AND WILL NOT RECEIVE A LIFE TERM.HAD
PETITIONER KNOWN HE WOULD GET A LIFE TERM IN A PLEA HE WOULD HAD
GONE TO JURY TRIAL,AS HIS PUNISHMENT COULD BE NO WORSER THEN
WHAT HE HAS NOW.PETITIONER ALSO COMMUNICATED TO THE APPEALS
COUNSEL THAT HE SPOKE NO ENGLISH AND HIS EDUCATION WAS VERY SMALL
AS HE DID NOT COMPLETE ELEMENTRY SCHOOL.THIS CLAIM WAS OF MERIT
THAT PETITIONER DEFENSE COUNSEL LIED ,MISLEAD THE PETITIONER INTO
A PLEA BARGAIN.WHERE HE WAS ASSURED THAT HE WOULD NOT RECEIVE A
LIFE TERM.PETITIONER HAS PRESENTED ARGUMENT OF HOW HE RECEIVED
INEFFECTIVE ASSISTANCE OF COUNSEL AND ON APPEAL ALSO AND HOW
HE WAS PREJUDICE FROM THIS DEFICIENT PERFORMANCE WAS RECEIVED.

THEREFORE, PETITIONER CASE SHOULD BE REMAND TO THE TRIAL
COURT, TO HOLD A EVIDENTIARY HEARING INTO THE PETITIONER CLAIMS
OF INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA PROCEEDINGS
AND WHAT THE PETITIONER UNDERSTOOD BEFORE HE ENTERED INTO THE
PLEA AND WHAT WAS SAID AND PROMISE TO HIM IF HE ENTERED INTO
A PLEA .OR:

   THAT THE STATE OF CALIFORNIA ALLOW PETITIONER TO BEGIN ANEW
APPEALS PROCESS TO AFFORD HIM THE OPPORTUNITY TO BRING THIS
ISSUE BEFOR THE APPELLATE COURTS AND THAT THE ATTORNEY PROVIDED
TO THE PETITIONER COMMUNICATE WITH HIM IN SPANISH.


### CONCLUSION:


   PETITIONER HEREIN REQUEST THAT THIS COURT HOLDS A EVIDENTIARY
HEARING SO HE COULD DEVELOP THE FACTS OF HIS CLAIMS BEFORE
THIS COURT. THE PETITIONER HAS FILE THIS WRIT FOR A FULL AND
FAIR FAIR ADJUDICATION OF HIS CLAIMS OF PURE QUESTIONS OF LAW
AND FACTS. WHICH ARE REVIEWABLE IN THE FEDERAL COURTS IF THIS
COURT FAILS TO RESOLVE THE ISSUE IN DISPUTE UNDER §2254(d)(1)see
also: CORWIN V JOHNSON 150 f.3d 1467,1471(5thCir.1998).

   "A CLAIM FOR INEFFECTIVE ASSISTANCE OF COUNSEL GENERALLY
FALLS WITHIN A CATEGORY :UNDER FEDERAL LAW, SUCH A CLAIM "NORMAL
SHOULD BE RAISED IN HABEAS CORPUS PROCEEDINGS, WHICH PERMIT
COUNSEL TO DEVELOP A RECORD AS TO WHAT COUNSEL DID, WHY IT DID
IT, AND WHAT IF ANY PREJUDICE RESULTED.(UNITED STATES V ROSS,
206 f.3d 896,900(9th cir.2000)(quoting;UNITED STATES V POPE,
841 f.2d 954,958,(9th cir.1998).(MILLER V CHAMPION,161 f.3d,
1249 (10th cir.1998).

   FOR ALL THE SAID HEREIN PETITIONER PRAY THAT THIS COURT
GRANTS RELIEF TO THE PETITIONER AND REMANDS THE CASE BACK TO THE
TRIAL COURT TO HOLD EVIDENTIARY HEARING AND RECALL THE PLEA OR TO
STRIKE A PRIOR CONVICTION AND TO RESENTENCE THE PETITIONER AS A
SECOND STRIKE OFFENDER AND /or to make known on the record why it
IT HELD THAT THE TWO PRIORS DID NOT ARISE OF THE SAME OCCASION.

   PETITIONER SIGNS AND VERIFIES AND DECLARES THIS AS TRUE AND CORRECT
UNDER THE PERJURY LAWS OF THIS STATE.


DATE: 12/30/07                          RESPECTFULLY SUBMITTED

Insert

A

# STATEMENT OF CASE

The San Diego County district attorney charged appellant with kidnapping (Pen. Code, § 207, subd. (a), count 1), three counts of corporal injury to a roommate (Pen. Code, § 273.5, subd. (a), counts 2, 3, and 7), assault with a deadly weapon likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(1), count 4), false imprisonment (Pen. Code, §§ 236/237, subd. (a), count 5), two counts of making criminal threats (Pen. Code, § 422, counts 6 and 8), one count of vandalism (Pen. Code, § 594, subd. (a)(b)(1), count 9), and one count of resisting an officer (Pen. Code, § 148, subd. (a)(1), count 10). (C.T. pp. 8-12.)

As to counts one, two and five, the district attorney alleged appellant used a deadly weapon (Pen. Code, § 12022, subd. (b)(1).) As to count three, the district attorney alleged appellant inflicted great bodily injury during the corporal injury (Pen. Code, § 12022.7, subd. (e)) and that he had been previously convicted of committing corporal injury to a cohabitee (Pen. Code, § 273.5, subd. (e)). The district attorney also alleged appellant had two serious felony priors (Pen. Code, § 667, subd. (a)(1)) and two strike priors (Pen. Code, § 667, subd. (b)-(I)) based on a 1981 conviction out of Florida. (C.T. pp. 8-12.)

2

Appellant pled guilty to kidnaping with a deadly weapon charge and one count of corporal injury with great bodily injury in exchange for the dismissal of the remaining charges. Initially, appellant requested a trial regarding the special allegations (C.T. pp. 14-16; II R.T. pp. 12-17); however, several months later, he withdrew his request and admitted the two strike priors (III R.T. pp. 20-21).

At the sentencing hearing, defense counsel urged the court to dismiss appellant's 1981 strike prior because appellant's attempted murder conviction from Florida was sustained on a felony/murder theory which did not require a specific intent to kill. (IV R.T. pp. 33-34.) Counsel also urged the court to exercise its discretion to dismiss a strike prior in the interests of justice. (IV R.T. pp. 35-37.) The court denied counsel's request and ordered appellant to serve 33 years to life in state prison consisting of a 25 year to life term for the corporal injury count, a consecutive three years for the great bodily injury enhancement, and a consecutive five years for appellant's serious felony prior. The trial court further ordered appellant to pay $2,188.45 in victim restitution and $200 in state restitution fines. (C.T. pp. 93-94; IV R.T. pp. 41-43.)

Appellant filed a timely notice of appeal indicating his desire to challenge the sentence he received as the ground for the appeal. (C.T. pp. 95, 123.)

Insert

B

# STATEMENT OF FACTS[1]

Appellant and Ms. Ibarra met in May. By June, they were living together at Ms. Ibarra's apartment. (P.H.T. pp. 31-32.) On July 27th, Ms. Ibarra and appellant were supposed to go out dancing with friends. Prior to leaving, Ms. Ibarra and appellant got into an argument and Ms. Ibarra decided to go dancing without appellant. (P.H.T. pp. 34-35.) When Ms. Ibarra returned to the apartment at 4:00 the next morning, she saw the white boxing cloak appellant had previously given to her hanging in front of her apartment. (P.H.T. p. 36.) Believing appellant was attempting to scare her, Ms. Ibarra tore down the cloak and went into the apartment. (P.H.T. p. 36.)

Once inside, she saw appellant's belongings were all packed up. (P.H.T. p. 38.) At that point, Ms. Ibarra became scared and went into her roommate's room to go to sleep. (P.H.T. p. 39.) Ms. Ibarra called two friends, one of which was a male friend. (P.H.T. pp. 39, 41.) After the second phone call, appellant charged out of a closet and hit Ms. Ibarra in the face. (P.H.T. pp. 41, 42.) He then grabbed her from behind, put a knife to her throat, and dragged her out of the apartment and down the street. (P.H.T. pp. 44-46.) Eventually, appellant made Ms. Ibarra call her friend and tell her friend that

---

[1] The parties stipulated to use the preliminary hearing transcripts as the factual basis for the guilty plea. (C.T. p. 16; II R.T. p. 15.)

she was ok. (P.H.T. pp. 49, 50.) Appellant and Ms. Ibarra then took a taxi to an apartment of one of appellant's friends, Buckey, in Ocean Beach. (P.H.T. p. 51.) Prior to entering Buckey's apartment, appellant and Ms. Ibarra went into a nearby bakery where appellant slapped Ms. Ibarra a few times. (P.H.T. p. 54.)

Once inside Buckey's apartment, appellant told Buckey, about Ms. Ibarra's betrayal. While appellant was telling his story, appellant hit Ms. Ibarra with a bottle and slapped her. (P.H.T. pp. 56-58.) Eventually, Ms. Ibarra told appellant she needed aspirin. Buckey offered to take Ms. Ibarra to the store. (P.H.T. pp. 60-61.) Once outside the house, Ms. Ibarra pleaded with Buckey to help her get away and to call 9-1-1. Buckey summoned police and Ms. Ibarra was taken to a friends house. (P.H.T. p. 63.)

Appellant was arrested later that afternoon at another friend's house.[2] (P.H.T. pp. 19-21.) In the time between Ms. Ibarra's flight and appellant's arrest, appellant made several threatening phone calls to Ms. Ibarra.[3]

During the incident, Ms. Ibarra suffered a twisted ankle, scrapes, a cut to her chest, two black eyes, and broken bones around her eye socket which

---

[2]At the time of his arrest, appellant struggled with police. (P.H.T. pp. 21-22.)

[3]Appellant reportedly threatened to vandalize Ms. Ibarra's car, burn her house down, and hurt her. (P.H.T. p. 64.)

5

required surgery to correct. (P.H.T. pp. 66-69, 71-72.) Additionally, after the incident, Ms. Ibarra discovered her car windows had been smashed. Appellant's friend testified at the preliminary hearing that he saw appellant break Ms. Ibarra's car windows. (P.H.T. p. 16.)

# EXHIBIT COVER PAGE



**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

California SupREME CouRT

S152681

## NUMBER OF PAGES TO THIS EXHIBIT: ____1____ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☒ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

S152681

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re FELIX CAMACHO on Habeas Corpus

---

The petition for writ of habeas corpus is denied.  (See *In re Clark* (1993) 5 Cal.4th 750.)

SUPREME COURT
FILED

SEP 2 5 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

# EXHIBIT COVER PAGE



**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

STATE OF FlORidA APPeals
Court 3D07-116

## NUMBER OF PAGES TO THIS EXHIBIT: ___2___ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
   And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☒ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

GERALD B. COPE, JR
  CHIEF JUDGE
DAVID M. GERSTEN
MELVIA B. GREEN
JOHN G. FLETCHER
JUAN RAMIREZ, JR
LINDA ANN WELLS
FRANK A. SHEPHERD
RICHARD J. SUAREZ
ANGEL A. CORTIÑAS
LESLIE B. ROTHENBERG
BARBARA LAGOA
          JUDGES

MARY CAY BLANKS
  CLERK

DOROTHY L. MUNRO
  MARSHAL

DEBBIE MCCURDY
CHIEF DEPUTY CLERK

ALAN SADOWSKI
DEPUTY MARSHAL

## DISTRICT COURT OF APPEAL

THIRD DISTRICT

2001 S.W. 117 AVENUE

MIAMI, FLORIDA 33175-1716

TELEPHONE (305) 229-3200

## ACKNOWLEDGMENT OF NEW CASE

DATE:       January 17, 2007

STYLE:      ALI SANCHEZ,              v.   THE STATE OF FLORIDA,

3DCA#:      3D07-116

The Third District Court of Appeal has received the Notice of Appeal reflecting a filing date of 1/8/07.

The county of origin is Dade.

The lower tribunal case number provided is 81-9444.

Case Type: Criminal   The filing fee is Due.

The Third District Court of Appeal's case number must be utilized on all pleadings and correspondence filed in this cause. Moreover, ALL PLEADINGS SIGNED BY AN ATTORNEY MUST INCLUDE THE ATTORNEY'S FLORIDA BAR NUMBER.

Please review and comply with any handouts enclosed with this acknowledgment.

cc:
Ali Sanchez
Bill Mc Collum
Harvey Ruvin

ay

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CRIMINAL<br>☐ OTHER | ORDER ☐ GRANTING / ☒ DENYING DEFENDANT'S<br>PRO SE MOTION FOR: COPIES OF TRANSCRIPTS<br>FILED ON 10/26/2006 | CASE NUMBER<br>F81-9444C |
|---|---|---|

| THE STATE OF FLORIDA | VS. | ALI SANCHEZ | CLOCK IN |
|---|---|---|---|
| PLAINTIFF | | DEFENDANT | |

THIS CAUSE HAVING COME BEFORE the Court upon the Defendant's Pro Se Motion and the Court having examined the said Motion and the Motion being ☐ sufficient/ ☒ insufficient to support the relief prayed, **IT IS THEREUPON,**

CONSIDERED, ORDERED AND ADJUDGED that the above Pro Se Motion filed by the above prisoner be, and the same is hereby

☐ GRANTED. _____

The movant is advised that any change in the original Judgment or Sentence will be forwarded to the Department of Corrections under separate order.

☒ DENIED. _____

The movant is advised that he/she has the right to appeal within thirty (30) days of the rendition of this order.

DONE AND ORDERED IN ☒ Chambers ☐Open Court at Miami, Dade County, Florida, this __23rd__ day of
__November__ . A.D., 20 __06__ .

JUDGE    WILLIAM THOMAS

I CERTIFY that a copy hereof has been furnished to the movant, ____ALI SANCHEZ____ , by mail this
__15th__ day of __December__ , 20 06 .

HARVEY RUVIN, Clerk

BY: _____
Deputy Clerk

CLK/CT 775 REV. 9/06

ht 12/6/2006

# EXHIBIT COVER PAGE



**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

CaLiFoRNiy FouRTh AppeLLaTe CouRt
D 049463

## NUMBER OF PAGES TO THIS EXHIBIT: ___2___ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
  And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☒ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

IN THE CALIFORNIA COURT OF APPEALS

FOURTH APPELLATE DISTRICT, DIVISION ONE

FILED

SEP 26 2006

Steohan M. Kelly, Clerk

Court of Appeal Fourth District

D

FELIX CAMACHO

   PETITIONER

v

STATE OF CALIFORNIA

RESPONDENT

COURT OF APPEAL #D043552

SUPERIOR COURT#SCD168940

PETITION FOR WRIT OF

HABEAS CORPUS IN

STARE DECISIS

# D049463

    TO THE HONORABLE:WILLIAMS D. MUDD,JUDGE OF THE APPELLATE COURT FOR THE FOURTH DISTRICT,DIVISION ONE OF CALIFORNIA.

    PETITIONER HEREIN RESPECTFULLY FILES THIS WRIT OF HABEAS CORPUS IN STARE DECISIS.

    PETITIONER ,FILES THIS WRIT AS INDIGENT PRISONER OF THE STATE OF CALIFORNIA AND IS A LAYMAN OF THE LAW AND DOES NOT SPEAK ANY ENGLISH AND THEREFORE HAS A INMATE LEGAL ASSISTANT THAT WILL BE TRANSLATING EVERYTHING THIS COURT WRITES TO THE PETITIONER AND WILL BE WRITING THE PETITIONER MOTIONS.

    PETITIONER WILL SUBMIT THIS WRIT UNDER THE PENALTIES OF PERJURY OF THE STATE OF CALIFORNIA AS TRUE AND CORRECT AND VERIFIED AS TRUE AND CORRECT.

    PETITIONER HEREIN PRAYS THAT THIS COURT GRANTS THIS WRIT BEFORE THIS COURT TODAY.

DATE: 9/17/06

TIME: 9:06 pm

RESPECTFULLY SUBMITTED

Felix Camacho #V12155

CSP-Lac- PO Box 4610

Lancaster

CA 93539

1

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED

DEC 2 0 2006

Court of Appeal Fourth District

|  |  |
|---|---|
| In re FELIX CAMACHO | D049463 |
| on | (San Diego County Super. Ct. No. SCD 168940) |
| Habeas Corpus. | |

THE COURT:

The petition for a writ of habeas corpus has been read and considered by Justices Haller, McDonald and O'Rourke. We take judicial notice of the direct appeal D043552.

Felix Camacho entered a negotiated guilty plea to kidnapping and inflicting corporal injury on a cohabitant. He admitted personally using a deadly weapon during the kidnapping and inflicting great bodily injury. Camacho also admitted he had two prior serious felony convictions and two prior strike convictions. The court sentenced him to prison for 33 years to life.

Camacho contends the trial court abused its discretion when it denied his motion to dismiss the two prior strike conviction allegations because they were remote in time and committed when he was a minor. This argument was raised and rejected on appeal and will not be revisited on a post-appeal petition for habeas corpus.

Camacho argues using an out-of-state conviction to enhance his sentence is unconstitutional. A conviction for an offense in another jurisdiction qualifies as a serious or violent felony for purposes of the three strikes law if the offense involves conduct that would qualify as a serious felony in California. (*People v. McGee* (2006) 38 Cal.4th 682, 691.)

Camacho claims trial counsel misled him regarding the plea agreement. He provides no evidence to support the claim. Camacho's claim appellate counsel was ineffective also fails because he has not shown he was prejudiced by any purported error by appellate counsel.

The petition is denied.

_Haller_

HALLER, Acting P. J.

Copies to:  All parties

D049463

Felix Camacho
V12155
P.O. Box 4610
C-4-237
Lancaster, CA  93539

# EXHIBIT COVER PAGE



**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

SUPERIOR COURT OF San Diego Writ
HC 18445

## NUMBER OF PAGES TO THIS EXHIBIT: _____3_____ PAGES.

## JURISDICTION: (Check only one)

- ☐ CDCR Administrative Appeal
- ☐ California Victim Compensation And Government Claims Board
- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme
- ☒ United States District Court
- ☐ United States Circuit Court
- ☐ United States Supreme Court

Approved for use with Judicial Council forms Jan 1997

F I L E D

Clerk of the Superior Court

MAR 2 8 2006

By: _____ Deputy

# THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF: | ) HC 18445 |
| | ) SCD 168940 |
| FELIX CAMACHO, | ) |
| | ) ORDER DENYING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS |
| Petitioner. | ) |
| | ) |

AFTER REVIEWING THE PETITION FOR WRIT OF HABEAS CORPUS AND THE COURT FILES IN THE ABOVE-REFERENCED MATTER, THE COURT FINDS:

On May 21, 2003, Petitioner pled guilty to kidnapping and inflicting corporal injury on a cohabitant (Penal Code §§ 207(a), 273.5(a)). Petitioner also admitted personally using a deadly weapon in the kidnapping (Penal Code §§ 12022(b)(1), 1192.7(c)(23)), inflicting great bodily injury in the infliction of corporal injury on a cohabitant (Penal Code §12022.7(e)), having two prior serious felony convictions (Penal Code § 667(a)(1)), and having two strike priors (Penal Code § 667 (b)-(i)). The court denied a motion to dismiss the strike priors, and sentenced Petitioner to the total term of 33 years to life in state prison.

Petitioner filed a timely appeal, contending the trial court erred in denying his motion to dismiss the strike priors. On August 13, 2004, the Court of Appeal affirmed the judgment against Petitioner in an unpublished decision. (Fourth District Court of Appeal, Division One, Case No. D043552). A remittitur was issued on January 13, 2005.

On February 7, 2005, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. This petition was denied on January 4, 2006, on the grounds that a petition for writ of habeas corpus cannot serve as a second appeal. (Supreme Court Case No. S131723).

Petitioner filed the instant petition for writ of habeas corpus in this Court on February 2, 2006. Petitioner contends the trial court imposed an illegal sentence because under *People v. Burgos* (2004) 117 Cal.App.4th 1209, the court should have stricken one of the strikes.

The petition is denied for the following reasons.

Every petitioner, even one filing in pro per, must set forth a *prima facie* statement of facts that would entitle him to habeas corpus relief. (*In re Bower* (1985) 38 Cal.3d 865, 872; *In re Hochberg* (1970) 2 Cal.3d 870, 875 fn 4.) The petitioner then bears the burden of proving the facts upon which he bases his claim for relief. (*In re Riddle* (1962) 57 Cal.2d 848, 852.) Vague or conclusory allegations do not warrant habeas relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) Defendant's assertions must be corroborated independently by objective evidence. (*In re Alvernaz* (1992) 2 Cal.4th 924, 933.) The petition should include copies of "reasonably available documentary evidence in support of claims . . ." (*Duvall, supra*, 9 Cal.4th at 474).

Petitioner has not met this burden, as this petition raises arguments that were previously rejected on direct appeal. Habeas corpus cannot serve as a second appeal, and matters that were raised and rejected on appeal are not generally cognizable on habeas corpus. (*In re Huffman* (1986) 42 Cal.3d 552, 554-55; *In re Terry* (1971) 4 Cal.3d 911, 927).

Petitioner's claim that the trial court erred by failing to strike Petitioner's strike priors was previously raised and denied on direct appeal. In fact, Petitioner made the exact same argument on appeal that he makes by way of this petition, that is that the trial Court erred in denying his motion to dismiss the strike priors in light of the decision in *Burgos, supra*, 117 Cal.App.4th 1209. The Court of Appeal already rejected Petitioner's argument, and concluded the trial court committed no error.

In *Burgos*, the reviewing court held the trial court abused its discretion in refusing to dismiss one of the strikes because the two convictions were the result of the same act. (*Burgos, supra*, 117 Cal.App.4th at 1213). Here, the Court of Appeal reasoned that unlike in *Burgos*,

1  Petitioner's strike priors did not result from the same act. (Court of Appeal decision at pp. 3-4).

2  The Court of Appeal also held that the record supported the trial court's comments regarding

3  the circumstances of Petitioner's current and past criminal conduct. (Court of Appeal decision

4  at pp. 4-5). The Court of Appeal concluded the "trial court did not err in finding Camacho does

5  not fall outside the scheme of the three strikes law. The trial court did not abuse its discretion in

6  denying Camacho's motion to strike prior strikes." (Court of Appeal decision at p. 5).

7          Petitioner cites no new facts or law to justify reconsideration of the identical issues

8  raised and rejected in his previous appeal. The petition is therefore DENIED, in its entirety.

9          A copy of this order shall be served upon Petitioner and the Appellate Division of the San

10  Diego Office of the District Attorney.

11          IT IS SO ORDERED.

12

13  DATED: _3-24-06_

14                                              JOHN M. THOMPSON

15                                              JUDGE OF THE SUPERIOR COURT

16

17

18  Attest: MAR 2 4 2006    @ 4pm

19

20  of California, in and for the County of San Diego

21          By _____ Deputy

22

23

24

25

26

27

28

# EXHIBIT COVER PAGE



**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

California Supreme Court

S131723

## NUMBER OF PAGES TO THIS EXHIBIT: _____1_____ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☒ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

# Supreme Court of California
## Docket Listing

*Exhibit "B"*

| | |
|---|---|
| **Case Number:** | S131723 |
| **Current Status:** | case initiated |
| **Case Title:** | CAMACHO (FELIX) ON H.C. |
| **Start Date:** | 2/7/2005 |
| **Case Category:** | Original Proceeding - Habeas |

## Court of Appeals Case Information

## Lower Court Case Information

## Party Information

**Attorneys**

FELIX CAMACHO
   Petitioner
   13850 NW 41st Street
   Miami, FL 33178

[None]

## Docket Events

| Date | Event |
|---|---|
| 2/7/2005 | Petition for writ of habeas corpus filed<br>petitioner Felix Camacho (aka Ali Sanchez) in pro per |

*This matter is pending.*

# Partial Record

# of

# The State of Florida

# Conviction

39
0086

1

Defendant _Ali Sanchez_
Case Number _81-944-C_

Imposition of Sentence
Stayed and Withheld
(Check if Applicable)
☐ The Court hereby stays and withholds the imposition of sentence as to count(s) _____
and places the Defendant on probation for a period of _____
under the supervision of the Department of Corrections (conditions of probation set forth in
separate order.)

Sentence Deferred
Until Later Date
(Check if Applicable)
☑ The Court hereby defers imposition of sentence until _____
(date)

The Defendant in Open Court was advised of his right to appeal from this judgment by filing notice of appeal with the
Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The
Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing
of indigency.

DONE AND ORDERED in Open Court at _____ _Dade_ _____ County, Florida, this ___9___ day
of _____ A.D. 19_81_

JUDGE
FREDRICKA G. SMITH

### FINGERPRINTS OF DEFENDANT

| Left four fingers taken simultaneously | Left thumb | Right thumb | Right four fingers taken simultaneously |
|---|---|---|---|



Fingerprints taken by:

Name and Title

I HEREBY CERTIFY that the above and foregoing fingerprints are those of the Defendant,
and that they were placed hereon by said Defendant in my presence in Open Court at Miami,
Dade County, Florida, this ___9___ day of _Dec._ , 19_81_

Judge
FREDRICKA G. SMITH

Page ___3___ of _5_

1 085

☐ PROBATION VIOLATOR
(Check if Applicable)

STATE OF FLORIDA

—vs—

ALI SANCHEZ also known as
RAFAEL SANCHEZ-PENA

Defendant

IN THE CIRCUIT COURT, ELEVENTH
JUDICIAL CIRCUIT, IN AND FOR

DADE _____ COUNTY, FLORIDA

DIVISION __CRIMINAL__

CASE NUMBER __81-9444-C__

# JUDGMENT

The Defendant, ALI SANCHEZ also known as RAFAEL SANCHEZ-PENA _____, being personally before this

Court represented by _____ H. AGUILA _____, his attorney of record, and having:

(Check Applicable
Provision)

☐ Been tried and found guilty of the following crime(s)
☒ Entered a plea of guilty to the following crime(s)
☐ Entered a plea of nolo contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | CASE NUMBER |
|-------|-------|---------------------------|-----------------|-------------|
| 1 | ATTEMPTED FIRST DEGREE MURDER | 782.04 (1) | LIFE | |
| 2 | ROBBERY | 812.13 | 1 F | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

• • • • • • • • • • • • • • • • • • •

The Defendant is hereby ordered to pay the sum of ten dollars ($10.00) pursuant to F.S. 060.20 (Crimes Compensation Trust Fund). The Defendant is further ordered to pay the sum of two dollars ($2.00) as a court cost pursuant to F.S. 943.25(4).

(Check if Applicable)

☐ The Defendant is ordered to pay an additional sum of two dollars ($2.00) pursuant to F.S. 943.25(8).
(This provision is optional; not applicable unless checked).

☐ The Defendant is further ordered to pay a fine in the sum of $ _____
pursuant to F.S. 775.0835.
(This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of a sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s)).

☐ The Court hereby imposes additional court costs in the sum of $ _____

41

084

contrary to the form of the Statute in ~~~~~ ~de and provided, and against the peace and dignity of the State of Florida.

STATE OF FLORIDA:
COUNTY OF DADE:

Personally appeared before me, **Roger Stefin** Assistant State Attorney for the Eleventh Judicial Circuit of Florida, who, being first duly sworn, says that this prosecution is instituted in good faith and certifies that the State Attorney of the Eleventh Judicial Circuit of Florida has received testimony under oath from the material witness or witnesses for the offense, and the allegations as set forth in the foregoing Information, if true, would constitute the offense therein charged.

_____
Assistant State Attorney
Eleventh Judicial Circuit of Florida

Sworn to and subscribed before me this _____ day of _____ , 19 __ .

Richard P. Brinker, Clerk
Circuit Court of the Eleventh
Judicial Circuit of Florida, in
and for Dade County

By _____ , D.C.

CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT OF FLORIDA IN AND FOR DADE COUNTY

THE STATE OF FLORIDA

vs.

JUAN GONZALEZ
EDUARDO LOPEZ
and
ALI SANCHEZ
also known as
RAFAEL SANCHEZ-PENA

WITNESSES FOR THE S

INFORMATION FOR

I - ATTEMPTED FIRST DEGREE MURDER
II - ROBBERY
III - UNLAWFUL POSSESSION OF FIREARM WHILE ENGAGED IN CRIMINAL OFFENSE

STATE OF FLORIDA)
COUNTY OF DADE)

I HEREBY CERTIFY that this instrument is a true and correct copy as shown by files and records of my office WITNESS MY HAND and official seal at "A"

_____
RICHARD P. BRINKER
Clerk Circuit Court

By _____ D.C.

11-8-81

083

## COUNT III

And I, ROGER H. STEFIN, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that, JUAN GONZALEZ, on the 18th day of April, 1981, in the County and State aforesaid, did unlawfully and feloniously display a certain firearm, to-wit: A PISTOL, while at said time and place the defendant was committing a felony, to-wit: ROBBERY as provided by 812.13 Florida Statutes, the possession and display of said firearm as aforesaid, being in violation of 790.07 Florida Statutes,

0082

## COUNT III

And I, ROGER H. STEFIN, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that, JUAN GONZALEZ, on the 18th day of April, 1981, in the County and State aforesaid, did unlawfully and feloniously display a certain firearm, to-wit: A PISTOL, while at said time and place the defendant was committing a felony, to-wit: ROBBERY as provided by 812.13 Florida Statutes, the possession and display of said firearm as aforesaid, being in violation of 790.07 Florida Statutes,

COUNT II

And I, ROGER H. STEFIN , Assistant State Attorney of the
Eleventh Judicial Circuit of Florida, on the authority of JANET RENO,
State Attorney, prosecuting for the State of Florida, in the County
of Dade, under oath, further information makes that, JUAN GONZALEZ,
EDUARDO LOPEZ and ALI SANCHEZ also known as RAFAEL SANCHEZ-PENA, on
the 18th day of April, 1981, in the County and State aforesaid, did
unlawfully by force, violence, assault or putting in fear, take certain
personal property, to-wit: JEWELRY, the property of JEFF YALLELUS,
as owner or custodian, from the person or custody of JEFF YALLELUS,
said property being the subject of larceny and of the value of more
than ONE HUNDRED DOLLARS ($100.00), and in the course of committing
said ROBBERY, carried a firearm, to-wit: A PISTOL, in violation of
812.13 Florida Statutes, contrary to the form of the Statute in such
cases made and provided, and against the peace and dignity of the State
of Florida.

45
008

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA

IN AND FOR DADE COUNTY

SPRING Term, 19 81

81-9444

INFORMATION FOR

THE STATE OF FLORIDA

vs.

JUAN GONZALEZ
EDUARDO LOPEZ
and
ALI SANCHEZ
also known as
RAFAEL SANCHEZ-PENA

I.   ATTEMPTED FIRST DEGREE MURDER
     782.04 (1) & 777.04 Fel.
II.  ROBBERY
III. UNLAWFUL POSSESSION OF FIREARM
     WHILE ENGAGED IN CRIMINAL
     OFFENSE "A"

FILED

JUL 21 1981

RICHARD P. BRINKER

IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA.

I, ___ Roger Stefin ___, Assistant State Attorney of

the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney,

prosecuting for the State of Florida, in the County of Dade, under oath, Information makes that

___ JUAN GONZALEZ, EDUARDO LOPEZ and ALI SANCHEZ also known as ___

___ RAFAEL SANCHEZ-PENA ___

on the ___ 18th ___ day of ___ April ___ 19 81 ___ in the County

and State aforesaid, did unlawfully and feloniously attempt to commit a

felony, to-wit: MURDER IN THE FIRST DEGREE, upon JEFF YALLELUS, and

in furtherance thereof, the defendants JUAN GONZALEZ, EDUARDO LOPEZ and

ALI SANCHEZ also known as RAFAEL SANCHEZ-PENA with felonious intent

and from a premeditated design to effect the death of a human being,

or while engaged in the perpetration of, or, in an attempt to perpetrate

ROBBERY attempted to kill JEFF YALLELUS, a human being and in such

attempt JUAN GONZALEZ did shoot JEFF YALLELUS with a PISTOL while EDUARDO

LOPEZ and ALI SANCHEZ acted as aiders or abettors, in violation of

782.04 (1), 777.04 (1) and 775.087 Florida Statutes, contrary to the

form of the Statute in such cases made and provided, and against the

peace and dignity of the State of Florida.

LWL:jde
07/13/81
REFILE
81-9444 + 81-11067
J/Snyder

STATE OF FLORIDA

## UNIFORM COMMITMENT TO CUSTODY
## OF DEPARTMENT OF CORRECTIONS

10-27-63

The Circuit Court of _the Eleventh Judicial Circuit of Florida, in and
for Dade County, SPRING_ Term, 19 81, in the case of

State of Florida                          NO. 81-9444-C

081580

JAN 19 1982

ALI SANCHEZ also known as
RAFAEL SANCHEZ-PENA
_____
Defendant

# BLACK MALE

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA, TO THE
SHERIFF OF SAID COUNTY AND THE DEPARTMENT OF CORRECTIONS OF SAID
STATE, GREETING:

The above named defendant having been duly charged with the offense specified herein
in the above styled Court, and he having been duly convicted and adjudged guilty of and
sentenced for said offense by said Court, as appears from the attached certified copies of
Indictment/Information, Judgement and Sentence, and Felony Disposition and Sentence
Data form which are hereby made parts hereof;

Now therefore, this is to command you, the said Sheriff, to take and keep and, within
a reasonable time after receiving this commitment, safely deliver the said defendant, to-
gether with any pertinent Investigation Report prepared in this case, into the custody of
the Department of Corrections of the State of Florida: and this is to command you, the
said Department of Corrections, by and through your Secretary, Regional Directors, Super-
intendents, and other officials, to keep and safely imprison the said defendant for the term
of said sentence in the institution in the state correctional system to which you, the said
Department of Corrections, may cause the said defendant to be conveyed or thereafter
transferred. And these presents shall be your authority for the same. Herein fail not.

WITNESS the Honorable  FREDRICKA G. SMITH
Judge of said Court, as also RICHARD P. BRINKER
Clerk, and the Seal thereof, this the 9th day of
NOVEMBER  19 81
(Month)

RICHARD P. BRINKER _____ CLERK

By: _____
Deputy Clerk

Page ____ of ____ Pages

35

DC 10 (REV)

0090

FLORIDA DIVISION OF CORRECTIONS

(ATTACH THIS CERTIFICATE TO COMMITMENT)

SHERIFF'S CERTIFICATE TO FLORIDA DIVISION OF CORRECTIONS

UNDER CHAPTER 944.25 PAR. 2 1959 FLORIDA STATUTES

TO THE DIVISIONS OF CORRECTIONS OF THE STATE OF FLORIDA:

I hereby certify as follows:

_____ALI SANCHEZ AKA RAFAEL SANCHEZ-PENA_the defendant

named in the attached commitment, was processed by this office as follows:

(Complete all applicable items)

(1) Originally incarcerated in county jail ___18 MAY 81___
                                                   (DATE)

(2) Released on bond prior to trial ___NONE___
                                          (DATE)

(3) Returned from bond prior to trial ___NONE___
                                            (DATE)

(4) Date of conviction ___09 NOV 81___
                                (DATE)

(5) Released on bond after conviction ___NONE___
                                     (DATE)    (AMOUNT OF BOND)

(6) Returned from bond after conviction ___NONE___
                                              (DATE)

(7) Date of sentence ___09 NOV 81___

(8) Released on bond after sentence ___NONE___
                                   (DATE)    (AMOUNT OF BOND)

(9) Returned from bond after sentence ___NONE___
                                            (DATE)

(10) Delivered to Division of Corrections _____
                                                (DATE)

The said defendant was not incarcerated in the county jail under said

sentence for any period of time other than those which are set forth above.

The said sentence was the _____     ___ONLY___ prison
                            (first)          (only)

sentence imposed upon said defendant.

This the __30__ day of __NOVEMBER__, 19 _81_.

FRED CRAWFORD, DIRECTOR
CORRECTIONS & REHABILITATION DEPARTMENT
DADE COUNTY, FLORIDA

XXXXXXXXXXXXXXX DADE
County, Florida.
G.J. MAC DONALD

(PLEASE FURNISH IN DUPLICATE)

C & R 848

3⁶

3

0089

Defendant    ALT SANCHEZ also known as
     RAFAEL SANCHEZ-PENA

Case Number    81-9444-C

☐ ........................... shall be concurrent to term of all sentences imposed for the counts specified in this sentence and or ☐ consecutive to ☐ concurrent with (check one) the following.

☐ Any in term sentence being served.

☐ Specific sentences: _____

_____

_____

In the event the above sentence is to the Department of Corrections, the Sheriff of _____DADE_____ County, Florida is hereby ordered and directed to deliver the Defendant to the Department of Corrections together with a copy of this Judgment and Sentence.

The Defendant in Open Court was advised of the right to appeal from this Sentence by filing notice of appeal within thirty days from the date with the Clerk of this Court and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

In imposing the above sentence, the Court further ~~x x x x x x x x x x~~ Orders that the Defendant's Commitment be stayed until trial of Co-Defendants, now set for NOVEMBER 30, 1981.

_____

_____

DONE AND ORDERED in Open Court at _____DADE_____ County, Florida, this 9th day of NOVEMBER A.D. 19 81.

FREDRICKA G. SMITH
_____
JUDGE
FREDRICKA G. SMITH

STATE OF FLORIDA:
COUNTY OF DADE:

I HEREBY CERTIFY that this instrument is a true and correct copy as shown by files and records in my office. WITNESS MY HAND and official seal this

11-25-81

RICHARD D. BRINKER
Clerk Circuit Court

BY: _____

31

Defendant _Alt Sanchez A177_
_Rafael Sanchez Jn._

Case Number _81-9449Q_

# SENTENCE

(As to Count _____2_____)

The Defendant, being personally before this Court, accompanied by his attorney, _L. Aguilar_

_____, and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown,

(Check either provision if applicable)

☐ and the Court having on _____ (date) _____ deferred imposition of sentence until this date.

☐ and the Court having placed the Defendant on probation and having subsequently revoked the Defendant's probation by separate order entered herein.

IT IS THE SENTENCE OF THE LAW that:

☐ The Defendant pay a fine of $ _____ plus $ _____ as the 5% surcharge required by F.S. 960.25.

☑ The Defendant is hereby committed to the custody of the Department of Corrections.

☐ The Defendant is hereby committed to the custody of the Sheriff of _____ County, Florida (Name of local corrections authority to be inserted at prison, if other than Sheriff)

To be imprisoned (check one; unmarked sections are inapplicable)

☐ For a term of Natural Life

☑ For a term of _12 years_

_____
_____
_____
_____

☐ For an indeterminate period of 6 months to _____ years.

## SPECIAL PROVISIONS

By appropriate notation, the following provisions apply to the sentence imposed in this section:

**Firearm — 3 year mandatory minimum**  ☐ It is further ordered that the 3 year minimum provisions of F.S. 775.087(2) are hereby imposed for the sentence specified in this count, as the Defendant possessed a firearm.

**Drug Trafficking — mandatory minimum**  ☐ It is further ordered that the _____ year minimum provisions of F.S. 893. .35(1)( )( ) are hereby imposed for the sentence specified in this count.

**Retention of Jurisdiction**  ☐ The Court pursuant to F.S. 947.16(5) retains jurisdiction over the defendant for review of any Parole Commission release order for the period of _____. The requisite findings by the Court are set forth in a separate order or stated on the record in open court.

**Habitual Offender**  ☐ The Defendant is adjudicated a habitual offender and has been sentenced to an extended term in this sentence in accordance with the provisions of F.S. 775.084(4)(a). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**Jail Credit**  ☑ It is further ordered that the Defendant shall be allowed a total of _173 days_ credit for such time as he has been incarcerated prior to imposition of this sentence. Such credit reflects the following periods of incarceration (optional):

**Consecutive Concurrent**  It is further ordered that the sentence imposed for this count shall run ☐ consecutive to ☑ concurrent with (check one) the sentence set forth in count _1_ above.

Defendant *Ali Ransby PPA*
*Rafael Sanchez-Bna*

Case Number *81-9444O*

## SENTENCE

(As to Count ___1___)

The Defendant, being personally before this Court, accompanied by his attorney, *H. Aguilar*

and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown,

(Check either provision if applicable)

☐ and the Court having on _____ until this date, _____ (date) _____ deferred imposition of sentence

☐ and the Court having placed the Defendant on probation and having subsequently revoked the Defendant's probation by separate order entered herein,

IT IS THE SENTENCE OF THE LAW that:

☐ The Defendant pay a fine of $_____, plus $_____ as the 5% surcharge required by F.S. 960.25.

☑ The Defendant is hereby committed to the custody of the Department of Corrections
☐ The Defendant is hereby committed to the custody of the Sheriff of _____ County, Florida
(Name of local corrections authority to be inserted at printing, if other than Sheriff.)

To be imprisoned (check one: unmarked sections are inapplicable)

☐ For a term of Natural Life

☑ For a term of _____ *10 years*

_____

_____

_____

_____

☐ For an indeterminate period of 6 months to _____ years.

### SPECIAL PROVISIONS

By appropriate notation, the following provisions apply to the sentence imposed in this section:

Firearm — 3 year mandatory minimum
☐ It is further ordered that the 3 year minimum provisions of F.S. 775.087(2) are hereby imposed for the sentence specified in this count, as the Defendant possessed a firearm.

Drug Trafficking — mandatory minimum
☐ It is further ordered that the _____ year minimum provisions of F.S. 893.135(1)( )( ) are hereby imposed for the sentence specified in this count.

Retention of Jurisdiction
☐ The Court pursuant to F.S. 947.16(3) retains jurisdiction over the defendant for review of any Parole Commission release order for the period of _____. The requisite findings by the Court are set forth in a separate order or stated on the record in open court.

Habitual Offender
☐ The Defendant is adjudged a habitual offender and has been sentenced to an extended term in this sentence in accordance with the provisions of F.S. 775.084(4)(a). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

Jail Credit
☑ It is further ordered that the Defendant shall be allowed a total of *173 days* credit for such time as he has been incarcerated prior to imposition of this sentence. Such credit reflects the following periods of incarceration (optional):

Consecutive/Concurrent
It is further ordered that the sentence imposed for this count shall run ☐ consecutive to ☐ concurrent with (check one) the sentence set forth in count _____ above.

3    5

T 11B

# DEPARTMENT of CORRECTIONS

*0091*

| NAME | SANCHEZ, ALI | NO. | 081580 | DATE RECEIVED | 1-19-82 |

SENTENCED 11-9-81        COUNTY DADE
COURT CIRCUIT            CRIME  ATT. FIRST DEGREE MURDER; ROBBERY
TERM   TEN(10)YRS LESS 173 DAYS CJT. TWO COUNTS OF TEN(10)YRS TO RUN*

| ESCAPED | CAPTURED | RELEASED |
| --- | --- | --- |
| (18) | | |

AGE 10-27-63  HEIGHT 69  WEIGHT 170  BUILD MED   COMP DARK



HAIR BLACK        EYES BLACK      TEETH GOOD      OCC. WELDER
BORN Puerto Rico Bayamon HOME MIAMI, FLORIDA
MARKS AND SCARS NONE
          (a/k/a) Raphael Mendez, 94 N.E. 24 st, Miami, Fl. 73/37
NOTIFICATION RECORD (W) MARTHA RODRIGUEZ, 629 N.W. 21st ST. APT. 44, MIAMI, FLA.
     *CONCURRENTLY. COURT ORDERS THAT DEFENDANT'S COMMITMENT BE STAYED
      UNTIL TRIAL OF CO-DEFENDANTS, NOW SET FOR NOVEMBER 30, 1981.

CERTIFIED TO BE TRUE AND CORRECT COPY
OF DOCUMENT AS SAME APPEARS IN OFFICIAL
RECORDS OF DEPARTMENT OF CORRECTIONS.

Name _Joyce Hibbs_

Title _Correctional Services Admin_ Date 8/12/2001