1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | DANIEL ROGERS
Deputy Attorney General
5 | LISE S. JACOBSON, State Bar No. 183862
Deputy Attorney General
6 | 110 West A Street, Suite 1100
San Diego, CA 92101
7 | P.O. Box 85266
San Diego, CA 92186-5266
8 | Telephone: (619) 645-2293
Fax: (619) 645-2271
9 | Email: Lise.Jacobson@doj.ca.gov

10 | Attorneys for Respondent

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13 |

14 | FELIX CAMACHO,

15 |               Petitioner,

16 |     v.

17 | ROBERT HERNANDEZ, Warden,

18 |               Respondent.

08cv0016-BEN (LSP)

**NOTICE OF MOTION AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Judge: The Honorable Leo S. Papas

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

| | Page |
|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | 3 |
| INTRODUCTION | 3 |
| THE CRIMES AND THE SUBSEQUENT PROCEEDINGS | 3 |
| ARGUMENT | 5 |
| **THE PETITION IS UNTIMELY** | 5 |
| A. The Limitations Period Began To Run Forty Days After The California Court Of Appeal Affirmed Camacho's Judgment | 5 |
| B. Camacho Is Entitled To Some, But Not Sufficient, Statutory Tolling | 6 |
| C. Camacho Is Not Entitled To Equitable Tolling | 10 |
| CONCLUSION | 11 |

08cv0016-BEN (LSP)

i

1

# TABLE OF AUTHORITIES

2 **Cases**                                                                     **Page**

3

4 *Artuz v. Bennett*
531 U.S. 4
121 S. Ct. 361
5 148 L. Ed. 2d 213  (2000)                        9

6 *Bonner v. Carey*
425 F.3d 1145 (9th Cir. 2005)            7
7
*Carey v. Saffold*
8 536 U.S. 214
122 S. Ct. 2134
9 153 L. Ed. 2d 260 (2002)                 6

10 *Dils v. Small*
260 F.3d 984 (9th Cir. 2001)             6
11
*Evans v. Chavis*
12 546 U.S. 189
126 S. Ct. 846
13 163 L. Ed. 2d 684 (2006)                 6

14 *Green v. White*
223 F.3d 1001 (9th Cir. 2000)           9
15
*In re Clark*
16 5 Cal. 4th 750
855 P.2d 729
17 21 Cal. Rptr. 2d (1993)                  4, 7, 8

18 *In re Robbins*
18 Cal. 4th 770
19 959 P.2d 311
77 Cal. Rptr. 2d 153 (1998)             8
20
*In re Sanders*
21 21 Cal. 4th 697
981 P. 2d 1038
22 87 Cal. Rptr. 2d 899 (1999)             8

23 *In re Waltreus*
62 Cal. 2d 218
24 397 P. 2d 1001
42 Cal. Rptr. 9 (1965)                   3, 4
25
*Jiminez v. Rice*
26 276 F.3d 478 (9th Cir. 2001)            9

27

28

**TABLE OF AUTHORITIES  (continued)**

**Page**

*King v. Lamarque*
464 F.3d 963 (9th Cir. 2006)                                            8

*King v. Roe*
340 F.3d 821 (9th Cir. 2003)                                           6

*Lawrence v. Florida*
127 S. Ct. 1079
166 L. Ed. 2d 924 (2007)                                              10

*Miranda v. Castro*
292 F.3d 1063 (9th Cir. 2002)                                         10

*Pace v. DiGuglielmo*
544 U.S. 408
125 S. Ct. 1807
161 L. Ed. 2d 669 (2005)                                          7, 8, 10

*Patterson v. Stewart*
251 F.3d 1243 (9th Cir. 2001)                                        5, 6

*Smith v. Duncan*
297 F.3d 809 (9th Cir. 2002)                                           5

*Smith v. Robbins*
528 U.S. 259
120 S. Ct. 746
145 L. Ed. 2d 756 (2000)                                               5

*Spitsyn v. Moore*
345 F.3d 796 (9th Cir. 2003)                                          10

*Stillman v. LaMarque*
319 F.3d 1199 (9th Cir. 2003)                                          7


**Constitutional Provisions**

United States Constitution
        Sixth Amendment                                                4


**Statutes**

28 U.S.C. § 2244(d)                                                    5
28 U.S.C. § 2244(d)(1)(B)-(D)                                         6

The Anti-Terrorism and Effective
Death Penalty Act (AEDPA)                                         5-7, 9, 10

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | DANIEL ROGERS
Deputy Attorney General
5 | LISE S. JACOBSON, State Bar No. 183862
Deputy Attorney General
6 | 110 West A Street, Suite 1100
San Diego, CA 92101
7 | P.O. Box 85266
San Diego, CA 92186-5266
8 | Telephone: (619) 645-2293
Fax: (619) 645-2271
9 | Email: Lise.Jacobson@doj.ca.gov

10 | Attorneys for Respondent

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14 | FELIX CAMACHO,

| 08cv0016-BEN (LSP)

15 | Petitioner,

**NOTICE OF MOTION AND
MOTION TO DISMISS
PETITION FOR WRIT OF
HABEAS CORPUS AND
MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT THEREOF**

16 | v.

17 | ROBERT HERNANDEZ, Warden,

18 | Respondent.

Judge: The Honorable Leo S. Papas

19

20

21 | PLEASE TAKE NOTICE that Respondent, Robert Hernandez, Warden of the Richard J.

22 | Donovan Correctional Facility in San Diego, California, hereby moves to dismiss the Petition for

23 | Writ of Habeas Corpus under Rule 4 of the Rules Governing 28 U.S.C. Section 2254 cases because

24 | it is barred by the federal statute of limitations.

25 | ///

26 | ////

27 | ///

28

1    This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and

2 Authorities, and on the pleadings and state court records lodged with this Court.

3         Dated:  April 4, 2008

4                        Respectfully submitted,

5                        EDMUND G. BROWN JR.
                         Attorney General of the State of California

6                        DANE R. GILLETTE
7                        Chief Assistant Attorney General

                         GARY W. SCHONS
8                        Senior Assistant Attorney General

9                        DANIEL ROGERS
                         Deputy Attorney General

10

11                       /s/ LISE S. JACOBSON

12                       LISE S. JACOBSON
                         Deputy Attorney General

13                       Attorneys for Respondent

14    70119563.wpd
      SD2008700171
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### INTRODUCTION

3    Petitioner Felix Camacho is serving a thirty-three year to life sentence for kidnapping his

4 girlfriend at knifepoint and severely beating her. Because Camacho filed his Petition eight months

5 after the limitations period expired, it should be dismissed with prejudice.

6

### THE CRIMES AND THE SUBSEQUENT PROCEEDINGS

7    The California Court of Appeal summarized the facts of Camacho's crimes as follows:

8    During the early morning hours of July 28, 2002, Camacho beat up his girlfriend after
she went dancing without him. Holding a knife to her throat, he dragged her from the
9    apartment and took her to Ocean Beach. He threatened to cut her face and knock out her
teeth. The victim managed to escape but not until she had suffered a fractured zygomatic
10   arch, bruises, cuts, and scrapes. She later suffered from post-traumatic stress disorder.

11 (Lodgment 1 at 2.)

12    Camacho subsequently pled guilty pursuant to a negotiated agreement to kidnapping and

13 inflicting a corporal injury on a cohabitant. Camacho admitted he personally used a knife in the

14 kidnapping and caused great bodily injury in inflicting the corporal injury. Camacho also admitted

15 he had sustained two prior serious felony convictions and two prior strike convictions based on his

16 1981 attempted murder and robbery convictions in Florida. (Lodgment 1 at 1-2.) Camacho

17 subsequently moved to dismiss the strike priors. The trial court denied the motion and sentenced

18 Camacho to prison for thirty-three years to life. (Lodgment 1 at 2.)

19    The California Court of Appeal affirmed Camacho's conviction on direct appeal in an

20 unpublished opinion filed on August 13, 2004. (Lodgment 1.) Camacho attempted to file a petition

21 for review, but because he did not comply with the state-law filing deadline, the California Supreme

22 Court returned his petition to him. (Lodgment 2.)

23    On February 7, 2005, Camacho filed a habeas petition in the California Supreme Court.

24 (Lodgment 3.) On January 4, 2006, the California Supreme Court denied the petition with a citation

25 to *In re Waltreus*, 62 Cal. 2d 218, 397 P. 2d 1001, 42 Cal. Rptr. 9 (1965). *Waltreus* holds that a

26 defendant who does not properly petition for review on a claim that was raised in the direct appeal

27 will later be forbidden from raising the issue in a state habeas corpus petition. *Id.* at 225.

28

08cv0016-BEN (LSP)

1    On February 2, 2006, Camacho filed his first habeas petition in the San Diego County

2    Superior Court (Superior Court). (Lodgment 5.) On March 28, 2006, the Superior Court determined

3    Camacho's claim was barred under *Waltreus*. (Lodgment 6.)[1/]

4    On July 18, 2006, Camacho filed a second habeas petition in the Superior Court.

5    (Lodgments 7 & 8.) On September 15, 2006, the Superior Court determined one claim was *Waltreus*

6    barred and the other claim failed because Camacho presented no evidence to support it. (Lodgment

7    8.)

8    On September 22, 2006, Camacho petitioned the Superior Court to amend his habeas

9    petition. (Lodgment 9.) At this point, no petition was pending. (Lodgment 8.) The Superior Court

10    did not rule on the petition to amend. (Lodgment 10.)

11    On September 26, 2006, Camacho filed a habeas petition in the California Court of

12    Appeal. (Lodgment 11.) On December 28, 2006, the California Court of Appeal denied the petition

13    in a reasoned decision because it contained a *Waltreus* barred claim, an unsupported claim, and two

14    meritless claims. (Lodgment 12.)

15    On May 16, 2006, Camacho filed a habeas petition in the California Supreme Court. On

16    September 25, 2007, the California Supreme Court denied the petition with a citation to *In re Clark*,

17    5 Cal. 4th 750, 855 P.2d 729, 21 Cal. Rptr. 2d (1993), which, as discussed *infra*, holds that

18    unjustified successive and untimely petitions are barred. (Lodgment 14.)

19    On January 2, 2008, Camacho filed the present Petition, which contains the same four

20    claims that Camacho raised in the California Court of Appeal and California Supreme Court:    (1)

21    the use of an out-of-state prior to enlarge a sentence under California's Three Strikes law violates

22    the Sixth Amendment; (2) appellate counsel was ineffective in failing to raise an ineffective

23    assistance of trial counsel claim on direct appeal; (3) the trial court abused its discretion in imposing

24    a life term based on remote prior convictions that involved a single act, and (4) trial counsel lied in

25    assuring him that he would not receive a life sentence because of the age of his prior convictions and

26

27    ───────────────────────────────────

28    1. Although the Superior Court twice relied upon the rule from *Waltreus* in denying habeas relief and the Court of Appeal did likewise, neither court cited it. (Lodgment 6, 8, 12.)

1   his youth when he committed them.    (Pet at 6-9; *see* Lodgments 11 and 13.)    On February 25,

2   2008, this Court ordered Respondent to file a response.

3                                               **ARGUMENT**

4                                    **THE PETITION IS UNTIMELY**

5          Camacho filed the present Petition more than eight months after the limitations period

6   expired.  Accordingly, it should be dismissed with prejudice.

7          The Anti-Terrorism and Effective Death Penalty Act (AEDPA) became law on April 24,

8   1996, and applies to Camacho.  *Smith v. Robbins*, 528 U.S. 259, 268 n.3, 120 S. Ct. 746, 145 L. Ed.

9   2d 756 (2000).  As amended by the AEDPA, 28 U.S.C. § 2244(d) provides:

10          (1) A 1-year period of limitation shall apply to an application for a writ of habeas
            corpus by a person in custody pursuant to the judgment of a State court.  The limitation
11          period shall run from the latest of –

12                 (A) the date on which the judgment became final by the conclusion of
                   direct review or the expiration of the time for seeking such review;
13
                   (B) the date on which the impediment to filing an application created by
14                 State action in violation of the Constitution or laws of the United States is
                   removed, if the applicant was prevented from filing by such State action;
15
                   (C) the date on which the constitutional right asserted was initially
16                 recognized by the Supreme Court, if the right has been newly recognized by the
                   Supreme Court and made retroactively applicable to cases on collateral review;
17                 or

18                 (D) the date on which the factual predicate of the claim or claims presented
                   could have been discovered through the exercise of due diligence.
19
            (2) The time during which a properly filed application for State post-conviction or
20          other collateral review with respect to the pertinent judgment or claim is pending shall not
            be counted toward any period of limitation under this subsection.
21
**A.   The Limitations Period Began To Run Forty Days After The California Court
22        Of Appeal Affirmed Camacho's Judgment**

23          The California Court of Appeal affirmed Camacho's conviction and sentence on August

24   13, 2004.  (Lodgment 1.)  Because Camacho did not file a petition for review (Lodgment 2), his

25   judgment became final for purposes of AEDPA on the last day for seeking such review, which was

26   September 22, 2004, forty days after the Court of Appeal filed its opinion.  *Smith v. Duncan,* 297

27   F.3d 809, 813 (9th Cir. 2002).  Consequently, the limitations period was set to expire one year later,

28   on September 22, 2005.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

1    Camacho constructively filed the present Petition on December 30, 2007. *Patterson v.*
2    *Stewart*, 251 F.3d at 1245 n.2 (federal habeas petition is deemed constructively filed when it is
3    delivered to prison officials for mailing); (Pet. at 12).   It is thus untimely by more than two years
4    and thee months unless Camacho is entitled to a later filing date under 28 U.S.C. § 2244(d)(1)(B)-
5    (D), or sufficient statutory or equitable tolling.

6    Camacho is not entitled to a limitation period later than the conclusion of the direct review
7    process based on the provisions of § 2244(d)(1)(B), (C) or (D).   No state impediments precluded
8    Camacho from filing the present Petition earlier; his claims are not based on rights newly recognized
9    by the Supreme Court; and the factual bases for all of his claims have been known to him since his
10    appellate counsel filed the opening brief on direct appeal on May 27, 2004.  (Lodgment 2.)

11    **B.    Camacho Is Entitled To Some, But Not Sufficient, Statutory Tolling**

12    AEDPA provides for tolling during the pendency of a properly filed post-conviction
13    application for relief.   The time in which an application for state post-conviction review is "pending"
14    includes the interval between the lower state court's adverse decision and the prisoner's filing of a
15    notice of appeal in the higher state court, provided that the filing of that notice is timely under state
16    law.  *Carey v. Saffold*, 536 U.S. 214, 222-23, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).  Under
17    California's system of collateral review, a request for review is considered timely if it is filed within
18    a "reasonable time."  *Id.* at 222.  In *Evans v. Chavis*, 546 U.S. 189, 126 S. Ct. 846, 163 L. Ed. 2d 684
19    (2006), the Court instructed that, until California courts provide otherwise, federal courts reviewing
20    habeas petitions must assume that California's timeliness law does not differ significantly from those
21    states with determinate appeal periods, most of which provide determinate appeal periods of thirty
22    to sixty days.  *Id.* at 853-54.  The California courts have not yet provided otherwise.

23    While statutory tolling may be available for intervals between ascending filings, it is not
24    available for the interval between descending filings, unless a petitioner is attempting to remedy a
25    deficiency in the new filing.  *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003).   Nor is it available for
26    the interval between successive filings in the same court.  *Dils v. Small*, 260 F.3d 984, 986 (9th Cir.
27    2001).   Additionally, statutory tolling is not available during the pendency of a petition deemed
28    untimely under state law or the interval preceding it because such a petition is not properly filed for

1     purposes of AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669

2     (2005); *accord Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application of these

3     principles to the present case establishes Camacho is not entitled to sufficient statutory tolling.

4          Camacho constructively filed his first state habeas petition in the California Supreme Court

5     on January 26, 2005, at which time 238 days remained on the limitations period. *Stillman v.*

6     *LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (prison mailbox rule applies to state habeas

7     petitions) (Lodgment 3). Camacho is entitled to statutory tolling during the pendency of that

8     petition, i.e., from January 26, 2005, through January 4, 2006, during the pendency of the first

9     petition he filed in the Superior Court, i.e., from January 30, 2006, through March 28, 2006, and

10    from when he constructively filed his second petition in the Superior Court on July 11, 2006, through

11    December 28, 2006, when the California Court of Appeal denied the petition filed there.

12    (Lodgments 3, 4, 5, 6, 7, 8, 11, 12.) Camacho is not entitled to statutory tolling during the 25-day

13    interval between the California Supreme Court's denial of his habeas petition and the filing of the

14    first petition in the Superior Court or the 104-day interval between the denial order and filing of the

15    successive petition in the Superior Court. Thus, when the Court of Appeal denied Camacho's habeas

16    petition on December 28, 2006, there were 109 days remaining on the limitations period. (238 days -

17    25 days - 104 days = 109 days.) For the reasons set forth below, Camacho is not entitled to statutory

18    tolling during the interval between the Court of Appeal's denial of his habeas petition and May 13,

19    2007, the date he constructively filed his second habeas petition in the California Supreme Court.

20    (Lodgment 13.) Nor is he entitled to statutory tolling during the pendency of the latter petition.

21          The California Supreme Court denied Camacho's second petition with a citation to *Clark*.

22    (Lodgment 14.) *Clark* discusses both untimeliness and piecemeal or successive petitions. *Clark*,

23    5 Cal. 4th at 767-70, 774-81. But the opinion makes it clear that, absent a satisfactory explanation,

24    all successive petitions are also untimely: "A successive petition presenting additional claims that

25    could have been presented in an earlier attack on the judgment is, of necessity, a *delayed* petition."

26    *Id.* at 770 (emphasis added). Indeed, *Clark* ultimately held that the petitioner's unjustified delay in

27    presenting his claims barred consideration of the merits of his petition. *Id.* at 759 (emphasis added).

28    Thus, while *Clark* addressed a circumstance involving successive petitions, that discussion

1    established that, absent an adequate explanation, a successive petition is untimely and will be denied

2    on that basis.[2]    Several federal courts have recognized this, at least implicitly.[3]    Accordingly, the

3    California Supreme Court's denial of Camacho's successive petition with a citation to *Clark*

4    indicates the court deemed the petition untimely. "When a postconviction petition is untimely under

5    state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace,* 544 U.S. at 414.

6         Alternatively, Camacho is not entitled to statutory tolling during the pendency of the

7    successive and necessarily untimely petition he filed in the California Supreme Court and the interval

8    preceding it because he unreasonably delayed in filing the successive petition. Again, the Court of

9

_____

10       2. A reference to *Clark* by a state court is routinely associated with unexplained delay. *E.g.,*

11   *In re Sanders,* 21 Cal. 4th 697, 703, 981 P.2d 1038, 87 Cal. Rptr. 2d 899 (1999) ("Accordingly, we
     enforce time limits on the filing of petitions for writs of habeas corpus in noncapital cases . . . as

12   well as in cases in which the death penalty has been . . . . *In re Clark,* 5 Cal. 4th 750).") (other
     internal citations omitted.)

13

14       Indeed, the California Supreme Court has explained that the result in *Clark* rested completely

15   on the issue of untimeliness. *In re Robbins,* 18 Cal. 4th 770, 788, 959 P.2d 311, 77 Cal. Rptr. 2d 153
     (1998) ("For that reason, in *Clark* (*see* 5 Cal. 4th at p. 782) we did not rely on the bar of *In re*

16   *Horowitz* "successiveness," and instead rested our denial of the petition exclusively on the bar of
     untimeliness.").

17

18       3. *See King v. Lamarque,* 464 F.3d 963, 965 (9th Cir. 2006) ("The California Supreme Court
     summarily denied King's subsequent habeas petition, citing two cases barring review of habeas

19   petitions filed after substantial delay: *In re Clark,* 5 Cal. 4th 750, 21 Cal. Rptr. 2d 509, 855 P.2d 729
     (1993) [hereinafter *Clark* ], and *In re Robbins,* 18 Cal. 4th 770, 77 Cal. Rptr. 2d 153, 959 P.2d 311

20   (1998)."); *Vasquez v. Pliler,* 2007 WL 491137, *1 (9th Cir. 2007) ("By citing to *In re Clark,*. . . and
     *In re Robbins,* . . . , the California Supreme Court denied Vasquez's final state habeas petition as

21   untimely."); *Pitts v. Roe,* 2005 WL 1127067, *1 (9th Cir. 2005) ("We conclude that because the
     California Court of Appeal denied Pitts' petition in part based on his "unexplained delay," citing *In*

22   *re Clark,* . . . (stating that "a petitioner must explain and justify any substantial delay in presenting

23   a claim"), and because the California Supreme Court denied his petition "on the merits and for lack
     of diligence," the state courts determined that the filing of Pitts' second petition was untimely.");

24   *Davis v. Lockyer,* 2007 WL 2088554, *1 (E.D. Cal., 2007) ("On October 10, 2006, the trial court
     denied the petition on its merits and also on procedural grounds, citing Petitioner's delay in bringing

25   the claims, *In re Clark,* 5 Cal. 4th 750, 21 Cal. Rptr. 2d 509, 855 P.2d 729 (1993)"); *Manley v.*
     *Campbell,* 2007 WL 1994020, *6 (E.D.Cal., 2007) ("By citing *Clark* in denying his second petition,

26   the California Supreme Court explicitly signified that Petitioner had not established sufficient
     grounds to excuse his failure to file his second habeas petition timely.")

27

28

1    Appeal denied Camacho's habeas petition on December 28, 2006. (Lodgment 12.) Camacho did

2    not constructively file his petition in the California Supreme Court, which contained the same claims

3    as the petition filed in the Court of Appeal, until 136 days later, on May 13, 2007. (Lodgments 11

4    and 13.) Camacho has provided no justification for this day. Accordingly, under *Evans v. Chavis*,

5    Camacho is not entitled to tolling during this 136-day interval. The limitations period, therefore,

6    expired on April 16, 2007 – 109 days after the Court of Appeal denied Camacho's habeas petition.

7    Because a collateral action cannot revive an expired limitations period, *Jiminez v. Rice*, 276 F.3d

8    478, 482 (9th Cir. 2001); *Green v. White*, 223 F.3d 1001 (9th Cir. 2000), the second petition

9    Camacho filed in the California Supreme Court does not provide a basis for additional statutory

10   tolling.

11        Finally, as set forth in the Statement of the Case, Camacho filed a petition to amend his

12   habeas petition in the Superior Court on September 22, 2006. (Lodgment 9.) Any argument that this

13   filing, which the Superior Court apparently did not rule upon (Lodgment 10), would provide a basis

14   for statutory tolling through the present would be unavailing for two reasons. First, by the time the

15   petition to amend was filed, the Superior Court had already denied Camacho's second habeas

16   petition. (Lodgments 8 & 9.) Thus, there was no petition to amend. The absence of a ruling by the

17   Superior Court under these circumstances illustrates the request to amend was not properly filed for

18   purposes of AEDPA. *See Artuz v. Bennett* 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000)

19   ("an application is *'properly'* filed' when its delivery and acceptance are in compliance with the

20   applicable laws and rules governing filings).

21        Second, the habeas petition included with the request to amend contained the same claims

22   that were subsequently raised in and rejected by the California Court of Appeal. (Compare

23   Lodgment 9 at 10-14 with Lodgment 11 at 3-6.) Although the superior courts, courts of appeal, and

24   the California Supreme Court have original habeas jurisdiction, *see* Cal. Const. art. VI, § 10, any

25   ruling by a superior court that contradicted that of an appellate court would be subject to review. *See*

26   Cal. Penal Code § 1507 (authorizing People's appeal from a habeas grant); *In re Clark*, 5 Cal. 4th

27

28

1  at 767 n.7 ("a prisoner whose petition has been denied by the superior court can obtain review of his

2  claims only by the filing of a new petition in the Court of Appeal"). Hence, the Court of Appeal's

3  denial of the habeas petition which contained the same claims as those included with the petition to

4  amend effectively superseded the petition to amend. Because, as set forth above, the limitations

5  period was tolled from when Camacho constructively filed his second petition in the Superior Court

6  on July 11, 2006, through December 28, 2006, the date the Court of Appeal denied Camacho's

7  habeas petition, the petition to amend does not warrant any additional statutory tolling.

8          In short, the Petition, which was constructively filed on December 30, 2007, is untimely

9  by more than eight months unless Camacho is entitled to equitable tolling.

10  **C.    Camacho Is Not Entitled To Equitable Tolling**

11          The Supreme Court has not decided whether AEDPA's limitations period is subject to

12  equitable tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 n.3, 166 L. Ed. 2d 924 (2007).

13  Assuming it is, Camacho is not entitled to any such tolling. "Generally, a litigant seeking equitable

14  tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights

15  diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*,

16  544 U.S. at 418. Few cases warrant equitable tolling. "Indeed, the threshold necessary to trigger

17  equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Spitsyn v.*

18  *Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.

19  2002) (alteration in original).

20          Camacho has not met his burden of establishing he is entitled to equitable tolling. Nothing

21  in the present record indicates that circumstances beyond his control made it impossible to file the

22  Petition within the one-year limitations period. Consequently, because Camacho did not file the

23  present Petition until eight months after the limitations period expired, it is untimely and must be

24  dismissed with prejudice.

25  ///

26

27

28

1

**CONCLUSION**

2    The Petition should be dismissed with prejudice because Camacho failed to file it within

3 the one-year limitations period.

4    Dated:  April 4, 2008

5                              Respectfully submitted,

6                              EDMUND G. BROWN JR.
                               Attorney General of the State of California

7                              DANE R. GILETTE
                               Chief Assistant Attorney General

8
                               GARY W. SCHONS
9                              Senior Assistant Attorney General

                               DANIEL ROGERS
10                             Deputy Attorney General

11

12                             /s/ LISE S. JACOBSON

13                             LISE S. JACOBSON
                               Deputy Attorney General

14                             Attorneys for Respondent

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Felix Camacho v. Robert Hernandez, Warden**
Case No.:     **08cv0016-BEN (LSP)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 4, 2008,</u> I served the attached **NOTICE OF MOTION AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Felix Camacho
CDC No. V-12155
Richard J. Donovan Correctional Facility at
Rock Mountain
P.O. Box 799003
San Diego, CA 92179

*Petitioner in Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>April 4, 2008,</u> at San Diego, California.

C. Pasquali
_____
Declarant

_____
Signature

70119615.wpd