UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX CAMACHO,<br><br>            Petitioner,<br>v.<br><br>ROBERT HERNANDEZ,<br><br>            Respondent. | Civil No. 08-0016-BEN(LSP)<br><br>REPORT AND RECOMMENDATION<br>GRANTING RESPONDENT'S MOTION<br>TO DISMISS (12-1) |

  Felix Camacho ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent has filed a Motion to Dismiss the Petition. Petitioner has not filed an Opposition to the Motion to Dismiss. The Court, having reviewed Petitioner's Petition, Respondent's Motion to Dismiss and the lodgments presented therewith, finds that Petitioner's Petition is barred by the statute of limitations. Therefore, the Court recommends that Respondent's Motion to Dismiss be GRANTED.

I

PROCEDURAL HISTORY

  Petitioner pled guilty to kidnapping and inflicting corporal injury on a cohabitant [Cal. Penal Code[1] §§ 207(a), 237.5(a)] He

---

[1] All further references to code sections are to the California Penal Code, unless otherwise noted.

admitted that he personally used a deadly weapon in the kidnapping [§§ 12022(b)(1), 1192.7(c)(23)], inflicting great bodily injury in the infliction of corporal injury on a cohabitant [§ 12022.7(e)], two prior serious felony convictions [§ 667(a)(1)] and two strike priors [§667(b)-(i)].  The court denied Petitioner's motion to dismiss the strike priors and sentenced him to 33 years to life imprisonment.  On September 22, 2004, Petitioner's convictions and sentence became final.

On January 26, 2005, Petitioner filed a Petition For Writ Of Habeas Corpus with the California Supreme Court. (Respondent's Lodgment No. 3) This Petition alleges that the trial court illegally enhanced Petitioner's sentence by not dismissing a prior strike.  On January 4, 2006, the California Supreme Court denied the Petition. (Respondent's Lodgment No. 4).

On January 30, 2006, Petitioner constructively[2] filed a Petition For Writ Of Habeas Corpus with the San Diego Superior Court (Respondent's Lodgment No. 5). This Petition contains the same claim as noted above in Petitioner's Petition for Writ of Habeas Corpus to the California Supreme Court.  On March 28, 2006, the Superior Court denied Petitioner's Petition.  (Respondent's Lodgment No. 6).

On July 11, 2006, Petitioner filed a second Petition for Writ of Habeas Corpus with the San Diego Superior Court. (Respondent's Lodgment No. 7) This Petition contains the same claim as noted above in Petitioner's Petition for Writ of Habeas Corpus to the California Supreme Court and Petitioner's first Petition for Writ of Habeas Corpus to the San Diego Superior Court. On September 15, 2006, the

---

[2] The Court gives Petitioner the benefit of the "mailbox rule" which deems that a petition is constructively filed when it is delivered to prison officials for filing. Houston v. Lack 487 U.S. 266(1988)

1  San Diego Superior Court denied Petitioner's second Petition for
2  Writ of Habeas Corpus. (Respondent's Lodgment No. 8) On September
3  22, 2006, Petitioner filed a Petition to Amend his second Petition
4  with the San Diego Superior Court. (Respondent's Lodgment No. 9) The
5  Superior Court did not rule on Petitioner's Petition to Amend.
6  (Respondent's Lodgment No. 10)
7      On September 17, 2006, Petitioner filed a Petition for Writ
8  of Habeas Corpus with the California Court of Appeal. (Respondent's
9  Lodgment No. 11) On December 28, 2006, the Court of Appeal denied
10 the Petition. (Respondent's Lodgment No. 12)
11     On May 13, 2007, Petitioner filed a Petition For Writ Of
12 Habeas Corpus with the California Supreme Court.  (Respondent's
13 Lodgment No. 13).  On September 25, 2007, the California Supreme
14 Court denied the Petition. (Respondent's Lodgment No. 14).
15     On December 30, 2007, Petitioner filed a Petition For Writ Of
16 Habeas Corpus with this Court.
17                              II
18            PETITIONER'S PETITION IS BARRED
19             BY THE STATUTE OF LIMITATIONS
20     **1.   The AEDPA's One-Year Statute of Limitations.**
21     Respondent argues that the Petition is barred by the
22 Antiterrorism and Effective Death Penalty Act's ("the AEDPA")
23 statute of limitations.  The provisions of the AEDPA apply to
24 petitions for writs of habeas corpus filed in federal court after
25 the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521
26 U.S. 320, 117 S. Ct. 2059, 2068 (1997).  Therefore, because the
27 Petition was filed on December 30, 2007, the AEDPA applies to this
28 case.

     Prior to the enactment of the AEDPA on April 24, 1996, "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118 U.S. 897 (1998), overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). "[D]elays of more than a decade did not necessarily bar a prisoner from seeking relief." Id.

     With enactment of the AEDPA, a state prisoner's time frame for seeking federal habeas relief was dramatically limited. The AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d), which provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. Section 2244(d) states, in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>     (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)  the date on which the factual predi- cate of the claim or claims presented could have been discovered through the exercise

1        of due diligence.

2    (2) The time during which a properly filed applica-
3        tion for State post-conviction or other collateral
       review with respect to the pertinent judgment or claim
       is pending shall not be counted toward any period of
4        limitation under this subsection.

5 28 U.S.C.A. § 2244(d)

6     On August 13, 2004, the Court of Appeal affirmed Petitioner's

7 convictions and sentence. Petitioner did not seek the California

8 Supreme Court's review of the Court of Appeal's decision. Peti-

9 tioner's convictions and sentence became final on September 22,

10 2004, 40 days after Petitioner could have sought such review by the

11 California Supreme Court. Smith v. Duncan 297 F.3d 809, 813 (9th Cir.

12 2002)

13     Therefore, absent tolling, Petitioner had until September 22,

14 2005, to file his Petition For Writ of Habeas Corpus with this

15 Court. However, Petitioner filed several petitions for post-

16 conviction relief in the California Superior, Appellate and Supreme

17 Courts. The statute of limitations is tolled while a "properly

18 filed" state habeas corpus petition is "pending" in the state court.

19 Under the holding of Nino v. Galaza 183 F.3d 1003, 1006 (9th Cir.

20 1999), the "statute of limitations is tolled from the time the first

21 state habeas petition is filed until the California Supreme Court

22 rejects petitioner's final collateral challenge," provided the

23 petitions were properly filed and pending during that entire time.

24 The statute of limitations is not tolled from the time a final

25 decision is issued on direct state appeal and the time the first

26 state collateral challenge is filed because there is no case

27 "pending" during that interval. Nino 183 F.3d at 1006

28     The meaning of the terms "properly filed" and "pending" in

1  <u>Nino</u> have been clarified by the United States Supreme Court. In
2  <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), the Court held that the time
3  between denial in a lower California court and the filing of a
4  subsequent petition in the next higher court does not toll the
5  statute of limitations, if the petition is ultimately found to be
6  untimely. <u>Id.</u> at 223-226.  In <u>Pace v. DiGuglielmo</u> 544 U.S. 408
7  (2005), the Court held that statutory tolling is not available for
8  the period a petition is under consideration, if it is dismissed as
9  untimely. <u>Id.</u> at 413

10     While statutory tolling may be available for intervals
11 between ascending filings (ie. from Superior Court, to the Court of
12 Appeal, to the Supreme Court), it is not available for the interval
13 between descending filings, unless a petitioner is attempting to
14 remedy a deficiency in the new filing. <u>King v. Roe</u> 340 F.3d 821, 823
15 (9th Cir. 2003) Statutory tolling is similarly unavailable for the
16 interval between successive filings in the same court. <u>Dils v. Small</u>
17 260 F.3d 984, 986 (9th Cir. 2001)

18     Petitioner's first petition for relief after his convictions
19 and sentence became final was filed on January 26, 2005 with the
20 California Supreme Court.  On January 4, 2006, the California
21 Supreme Court denied the Petition.  From September 22, 2004 (the
22 date Petitioner's convictions and sentence became final) to January
23 26, 2005 (the date Petitioner filed a Petition for Writ of Habeas
24 Corpus with the California Supreme Court) (**126 days)**, the statute of
25 limitations was **not tolled** because there was no case pending during
26 that interval. <u>Nino</u> 183 F.3d at 1006

27     Thereafter, on January 30, 2006, Petitioner filed a Petition
28 for Writ of Habeas Corpus in the San Diego Superior Court.  On March

28, 2006, the San Diego Superior Court denied the Petition.

From January 4, 2006 (the date the California Supreme Court denied Petitioner's Petition for Writ of Habeas Corpus) to January 30, 2006 (the date Petitioner filed a Petition for Writ of Habeas Corpus with the San Diego Superior Court) (**26 days**), the statute of limitations was **not tolled** because statutory tolling is unavailable for intervals between descending filings. <u>King</u> 340 F.3d at 823.

Thereafter, on July 11, 2006, Petitioner filed a second successive Petition for Writ of Habeas Corpus with the San Diego Superior Court. On September 15, 2006, the Superior Court denied the Petition. Shortly after the Superior Court's denial, on September 22, 2006, Petitioner filed a Petition to Amend the July 11, 2006 Petition. The Superior Court did not rule on the Petition to Amend.

On September 17, 2006, Petitioner filed a Petition for Writ of Habeas Corpus with the California Court of Appeal. On December 28, 2006, the Court of Appeal denied the Petition.

From March 28, 2006 (the date of the Superior Court's denial of Petitioner's first Petition for Writ of Habeas Corpus) to September 17, 2006 (the date Petitioner filed a Petition for Writ of Habeas Corpus with the California Court of Appeal)(**173 days**), the statute of limitations was **not tolled** because statutory tolling is not available for intervals when a petitioner is pursuing relief on successive filings. <u>Dils</u> 260 F.3d at 986.

On September 17, 2006, Petitioner filed a Petition for Writ of Habeas Corpus with the California Court of Appeal. On December 28, 2006, the Court of Appeal denied the Petition.

On May 13, 2007, Petitioner filed a Petition for Writ of

1  Habeas Corpus with the California Supreme Court.  On September 25,
2  2007, the California Supreme Court denied the Petition.
3       From December 28, 2006 (the date of the California Court of
4  Appeal's denial of Petitioner's Petition) to September 25, 2007 (the
5  date of the California Supreme Court's denial of Petitioner's second
6  Petition to that court) (**271 days**), the statute of limitations was
7  **not tolled** because the California Supreme Court found the Petition
8  to be untimely. Carey 536 U.S. 214, Pace 544 U.S. 408  The Califor-
9  nia Supreme Court's September 25, 2007 Order denied the Petition
10 with a citation to In re Clark 5 Cal. 4th 750 (1993).  Clark
11 discusses both untimeliness and successive petitions. Id. at 767-
12 770, 774-781  Clark makes clear that, absent a satisfactory
13 explanation, all successive petitions are also untimely. "A
14 successive petition presenting additional claims that could have
15 been presented in an earlier attack on the judgment is, of neces-
16 sity, a delayed petition." Id. at 770.  A reference to Clark by a
17 state court is routinely associated with unexplained delay. In re
18 Saunders 21 Cal. 4th 697, 703 (1999) and untimeliness King v.
19 Lamarque 464 F.3d 963, 965 (9th Cir. 2006), Vasquez v. Pliler 220
20 Fed. Appx. 598, 2007 WL 491137 at *1 (9th Cir. 2007).
21      On December 30, 2007, Petitioner filed a Petition for Writ of
22 Habeas Corpus with this Court.  From September 25, 2007 (the date
23 the California Supreme Court denied Petitioner's Petition) to
24 December 30, 2007 (the date Petitioner filed his Petition for Writ
25 of Habeas Corpus with this Court) (**96 days**), the statute of
26 limitations was **not tolled** because there was no case pending during
27 that interval. Nino 183 F.3d at 1006
28      Since the statute of limitations was not tolled for a total

of **692** days (126 + 26 + 173 + 271 + 96)(1 year, 9 months, 27 days), Petitioner failed to file his Petition For Writ of Habeas Corpus with this court within the one-year statute of limitations mandated in 28 U.S.C. §2244(d)(1)(A).

    **2.  Equitable Tolling of the Statute of Limitations**

The one-year statute of limitations is subject to equitable tolling. <u>Calderon</u> 128 F.3d at 1288  Equitable tolling of the statute of limitations is appropriate where a habeas petitioner shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. <u>Pace</u> 544 U.S. at 418  When courts assess a habeas petitioner's argument in favor of equitable tolling, they must conduct a "highly fact-dependent" inquiry. <u>Whalem/Hunt v. Early</u> 233 F.3d 1146, 1148 (9th Cir. 2000), <u>Lott v. Mueller</u> 304 F.3d 918, 923 (9th Cir. 2002)  The extraordinary circumstances must be the "but-for and proximate cause" of the untimely filing. <u>Allen v. Lewis</u> 255 F.3d 798, 800 (9th Cir. 2001)

    In this case, Petitioner has not presented anything to the Court to suggest that he is entitled to equitable tolling of the statute of limitations.  Therefore, the court finds that Petitioner has failed to establish that he is entitled to the tolling of the statute of limitations pursuant to the doctrine of equitably tolling.  Accordingly, the Court declines to equitably toll the statute of limitations and finds that his Petition For Writ of Habeas Corpus filed with this Court is untimely.

III

<b><u>CONCLUSION AND RECOMMENDATION</u></b>

    After a thorough review of the record in this matter, the Court has determined that Petitioner has failed to comply with the

AEDPA's statute of limitations and that he is not entitled to equitable tolling of the statute of limitations. 28 U.S.C.A. § 2244(d).

Accordingly, the Court RECOMMENDS that Respondent's Motion to Dismiss is GRANTED.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than June 16, 2008, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than June 30, 2008. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 19, 2008

Hon. Leo S. Papas
U.S. Magistrate Judge